Request of Governor and Council,
No. 5605.

OPINION OF THE JUSTICES.

Submitted March 6, 1967.
Answer returned March 24, 1967.

The following resolution was adopted by the Governor and Council February 10, 1967 and filed in this court on February 13, 1967:

"WHEREAS, An applicant for a commission as a notary public and for a commission as a justice of the peace has declined to sign the oath required by the subversive activities act ( RSA 588 ) solely because he challenges the constitutionality of the oath; and

" WHEREAS, The Secretary of State has submitted the applications for the commissions to the Governor and Executive Council without the oath required by RSA 588:10, 15; and

" WHEREAS, The Governor and Executive Council are required by RSA 588:10 to ascertain whether the applicant is a subversive person as defined in RSA 588 and to obtain from him a written statement, subject to the penalties of perjury, as to whether the applicant is a subversive person; and

" WHEREAS, The Attorney General has rendered an opinion that the oath required by RSA 588 is unconstitutional in its present form and has recommended referral of the question of the constitutionality of the oath to the New Hampshire Supreme Court; and

"WHEREAS, A copy of the oath required by RSA 588 is attached hereto;

"NOW, THEREFORE, IT IS

"RESOLVED, by the Governor and Executive Council that the Justices of the Supreme Court, pursuant to Part II, Article 74 of the New Hampshire Constitution, render their opinion upon the following important question of law: 1. Is the oath required by the subversive activities act, RSA 588, containing the definitions of 'subversive organization', 'foreign subversive organization', and 'subversive person' as set forth in RSA 588:1 and subjecting the signer of that oath to criminal penalties and to disqualification from public office and employment, invalid under the provisions of the New Hampshire Constitution, or the United States Constitution, or both?"

"AFFIDAVIT AS REQUIRED BY SUBVERSIVE ACTIVITIES ACT OF 1951

" I, . . . . . . . ., do hereby certify that I am not a subversive person as defined in chapter 193, New Hampshire Laws of 1951, namely, that I am not a person who commits, attempts to commit, or aids in the commission, or advocates, abets, advises or teaches by any means any person to commit, attempt to commit, or aid in the commission of any act intended to overthrow, destroy or alter, or to assist in the overthrow, destruction or alteration of, the constitutional form of the Government of the United States, or of the State of New Hampshire, or any political subdivision of either of them, by force, or violence.

" I do further certify that I am not a member of a subversive organization as defined in said chapter 193, namely, that I am not a member of an organization which engages in or advocates, abets, advises, or teaches, or a purpose of which is to engage in or advocate, abet, advise, or teach activities intended to overthrow, destroy or alter, or to assist in the overthrow, destruction or alteration of, the constitutional form of the government of the United States, or of the State of New Hampshire, or of any political subdivision of either of them, by force, or violence.

" I further certify that I am not a member of a foreign subversive organization as defined in said chapter 193, namely, that I am not a member of any organization directed, dominated or controlled directly or indirectly by a foreign government which

engages in or advocates, abets, advises, or teaches, or a purpose of which is to engage in or to advocate, abet, advise, or teach, activities intended to overthrow, destroy or alter, or to assist in the overthrow, destruction or alteration of the constitutional form of government of, the United States, or of the State of New Hampshire, or of any political subdivision of either of them, and to establish in place thereof any form of government the direction and control of which is to be vested in, or exercised by or under, the domination or control of any foreign government, organization, or individual.

" I further certify and affirm that this statement is made with the knowledge that it is subject to the penalties of perjury described in chapter 588 of the Revised Statutes Annotated of New Hampshire. Under the penalties of perjury I hereby certify and declare that all statements hereinabove contained are true and correct and that I have made no material misstatement or concealment of fact.

" IN WITNESS of the truth of the statement hereinabove made, I hereunto affix my signature, this. . . . . .day of . . . . .,19. . . .

" . . . . . . . . . . . . . . . . . . . . . . .
( Signature )

" . . . . . . . . . . . . . . . . . . . . . . ."
( Street )     ( City or Town )

The following answer was returned:

*To his Excellency the Governor and the Honorable Council:*

The undersigned, the Justices of the Supreme Court, submit the following answer to the question contained in your resolution filed in this court on February 13, 1967.

By the oath submitted with your resolution, an affiant certifies under penalties of perjury ( RSA ch. 587 ) that he is not a " subversive person, " or a member of a " subversive organization " or of a " foreign subversive organization, " all as defined by RSA 588:1. Recent decisions of the Supreme Court of the United States compel us to advise you that that Court would hold invalid under the Constitution of the United States the oath submitted to us with your resolution.

In *Baggett* v. *Bullitt*, 377 U.S. 360 the Supreme Court of the United States had before it an oath required by a State of Washington statute which contained language almost identical to that of the oath submitted to us. The Court held (*Ib.*, 368) that oath too vague to meet the due process requirement of the Constitution of the United States and said in part: "The susceptibility of the statutory language to require forswearing of an undefined variety of 'guiltless knowing behavior' is what the Court condemned in *Cramp*. [*Cramp* v. *Board of Public Instruction*, 368 U. S. 278]. This statute, like the one at issue in *Cramp*, is unconstitutionally vague." The Court also said (*Ib.*, 369) "The Washington statute suffers from additional difficulties on vagueness grounds. A person is subversive not only if he himself commits the specified acts but if he abets or advises another in aiding a third person to commit an act which will assist yet a fourth person in the overthrow or alteration of constitutional government." See also, *Sweezy* v. *New Hampshire*, 354 U. S. 234, 246.

We can see no way to distinguish the oath before us from the oath declared invalid in *Baggett* v. *Bullitt, supra.*

The provisions relating to membership in subversive organizations are defective in two other respects. They make mere membership in the organizations described a bar to employment or appointment without requiring knowledge of their aims or an intent to further their unlawful purposes. In the case of *Wieman* v. *Updegraff*, 344 U. S. 183 (1952) an Oklahoma loyalty oath statute was held invalid because it barred employment to persons for mere membership "regardless of their knowledge concerning the organizations to which they had belonged." The Court said in part: "But membership may be innocent. A state servant may have joined a proscribed organization unaware of its activities and purposes. In recent years, many completely loyal persons have severed organizational ties after learning for the first time of the character of groups to which they had belonged . . . .

"There can be no dispute about the consequences visited upon a person excluded from public employment on disloyalty grounds. In the view of the community, the stain is a deep one; indeed, it has become a badge of infamy. Especially is this so in time of cold war and hot emotions when 'each man begins to eye his neighbor as a possible enemy.' Yet under the Oklahoma Act,

the fact of association alone determines disloyalty and disqualification; it matters not whether association existed innocently or knowingly. To thus inhibit individual freedom of movement is to stifle the flow of democratic expression and controversy at one of its chief sources . . . Indiscriminate classification of innocent with knowing activity must fall as an assertion of arbitrary power." *Ib.*, 190, 191. See also, *Sweezy* v. *New Hampshire*, 354 U. S. 234.

In the very recent case of *Keyishian* v. *Board of Regents*, 87 S. Ct. 675, 685, 686, decided January 23, 1967, the Supreme Court said: "Mere knowing membership without a specific intent to further the unlawful aims of an organization is not a constitutionally adequate basis for exclusion from such positions as those held by appellants . . . In *Elfbrandt* v. *Russell*, 384 U. S. 11, we said, 'Those who join an organization but do not share its unlawful purposes and who do not participate in its unlawful activities surely pose no threat, either as citizens or as public employees.' We there struck down a statutorily required oath binding the state employee not to become a member of the Communist Party with knowledge of its unlawful purpose, on threat of discharge and perjury prosecution if the oath were violated . . . As we said in *Schneiderman* v. *United States*, 320 U. S. 118, 136, '[U]nder our traditions beliefs are personal and not a matter of mere association, and . . . men in adhering to a political party or other organization do not subscribe unqualifiedly to all of its platforms or asserted principles. A law which applies to membership without the "specific intent" to further the illegal aims of the organization infringes unnecessarily on protected freedoms. It rests on the doctrine of "guilt by association" which has no place here.'" See also, *Aptheker* v. *Secretary of State*, 378 U. S. 500.

The defects held by the Supreme Court of the United States to be fatal to the statutes considered in the foregoing cases are inherent in the oath accompanying your resolution and the statute upon which it is based, which are therefore unconstitutional.

As a matter of information, we add that the Supreme Court of the United States again has under attack before it a Maryland oath which it upheld in 1951 in the case of *Gerende* v. *Board of Supervisors*, 341 U. S. 56. That oath states only that the candidate "is not a person who is engaged in one way or another in the attempt to overthrow the government by force or violence."

See *Whitehill* v. *Elkins*, 258 F. Supp. 589 ( D. Md., 1966 ). *Cf.* *Pedlosky* v. *Massachusetts Institute of Technology* ( Mass. 1967 ) 224 N.E. 2d 414. We of course do not predict the outcome.

We wish to make it clear that the oath of civil officers prescribed by the Constitution of this State ( Const., Pt. II, *Art.* 84 ) is not involved here and we mean to cast no doubt upon its validity. Nor do we mean to cast doubt upon the power of the State to safeguard itself from disloyal employees. The Supreme Court of the United States has said: " . . . we do not question the power of a State to take proper measures safeguarding the public service from disloyal conduct. But measures which purport to define disloyalty must allow public servants to know what is and is not disloyal." *Baggett* v. *Bullitt*, 377 U. S. 360, 379, 380. *Cramp* v. *Board of Public Instruction*, 368 U. S. 278.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
EDWARD J. LAMPRON.
WILLIAM A. GRIMES.

March 24, 1967.

*Robert H. Reno* and *Richard B. Couser* for affirmative answer.

*George S. Pappagianis*, Attorney General, also for affirmative answer.