Suzanne McCormick **THALBERG**, Plaintiff,

v.

**BOARD OF TRUSTEES OF the UNIVERSITY OF ILLINOIS**, Norman A. Parker, individually and as Chancellor of The University of Illinois, Chicago Circle Campus, James B. Holderman, individually and as Associate Chancellor (Administration) of The University of Illinois, Chicago Circle Campus, and Daniel C. McCluney, Jr., individually and as Dean of Faculties of The University of Illinois, Chicago Circle Campus, Defendants.

Ernestine **KREHBIEL**, Plaintiff,

v.

**BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 117, MORGAN COUNTY, ILLINOIS**; William C. Deem, Howard Arundel, Helen P. Hinde, John W. Kurtz, Howard Becker, E. C. Bone, and Ivan Heaton, individually and as members of said Board of Education; Clifford Crone, individually and as General Superintendent of Schools for said School District 117; Garrie Sprague, individually and as Principal of Woodson Elementary School in said School District 117; Ray Page, individually and as Superintendent of Public Instruction of the State of Illinois; and Michael J. Howlett, individually and as Auditor of Public Accounts of the State of Illinois, Defendants.

Nos. 68 C 211, 68 C 212.

United States District Court, N. D. Illinois, E. D.

June 13, 1969.

Richard H. Prins, David C. Long, Lois Lasky, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., State of Illinois, Thomas E. Brannigan, Asst. Atty. Gen., State of Illinois, Chicago, Ill., James E. Harmon, Legal Counsel, Chica-University of Illinois, Urbana, Ill., James E. Harmon, Legal Counsel Chicago Circle Campus, University of Illinois, Chicago, Ill., for Board of Trustees etc. and others.

William J. Scott, Atty. Gen., State of Illinois, Thomas E. Brannigan, Asst. Atty. Gen., State of Illinois, Chicago, Ill., William L. Fay, Bellatti, Fay & Bellatti, Jacksonville, Ill., for Board of Education etc. and others.

Before HASTINGS, Senior Circuit Judge, and PARSONS and DECKER, District Judges.

PER CURIAM.

Plaintiff Suzanne McCormick Thalberg is a visiting lecturer at the University of Illinois, Chicago Circle Campus. Plaintiff Ernestine Krehbiel is a kindergarten teacher employed by the Board of Education of School District No. 117, Morgan County, Illinois. Each refused to sign the state employees' loyalty affidavit required by Ill.Rev.Stat. ch. 127 §

166b (1969), and were denied compensation for their teaching services. That affidavit reads as follows:

"I * * * do swear (or affirm) that I am not a member of or affiliated with the communist party and that I am not knowingly a member or knowingly affiliated with any organization which advocates the overthrow or destruction of the constitutional form of the government of the United States or of the State of Illinois, by force, violence or other unlawful means."

Claiming the oath and its underlying statutory provisions to be unconstitutional, plaintiffs brought separate actions under 42 U.S.C. § 1983 to enjoin their enforcement. The causes were consolidated pursuant to Fed.R.Civ.P. 42(a), and a three-judge court convened.

The statutes in question, Ill.Rev.Stat. ch. 127 § 166a and § 166b [1], as amended, constitute a single legislative enactment with a common objective. Section 166a prohibits the use of any appropriation to pay any part of the compensation of any state employee who advocates, or who knowingly belongs to an organization which advocates, the violent overthrow of the government of the United States or of the State of Illinois. Section 166b supplements Section 166a by requiring state employees to subscribe to the aforementioned oath as a condition precedent to receipt of compensation.

The applicable constitutional standard for the consideration of negative oaths was set forth in Elfbrandt v. Russell, 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed.2d 321 (1966), Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967), and Whitehill v. Elkins, 389 U.S. 54, 88 S.Ct. 184, 19 L.Ed.2d 228 (1967), as requiring both knowledge of the unlawful purposes of the organization and a specific intent to fur-

1. § 166a. State officers or employees advocating overthrow of government by force or belonging to organizations so advocating.

No part of any appropriation which has been heretofore made, or which shall hereafter be made, shall be used to pay any part of the compensation or the expenses of any officer or employee of the Government of the State of Illinois, or any political subdivision, agency or instrumentality thereof, but excluding cities, villages, incorporated towns, townships and counties, who, directly or indirectly advocates the overthrow of the government of the United States or the State of Illinois by force, or who knowingly joins, or who knowingly remains for a period of twenty days a member of, any organization which advocates the overthrow of the government of the United States or the State of Illinois by force, or who knowingly remains for a period of twenty days a member of any organization which is founded by or whose activities are controlled in whole or in part by any individual or any organization which advocates the overthrow of the government of the United States or the State of Illinois by force, after he has knowledge, or has reasonable cause to believe that such organization of which he is about to become a member, or of which he is a member, either advocates the overthrow of the government of the United States or the State of Illinois by force, or is affiliated with another organization which advocates the overthrow of the government of the United States or the State of Illinois by force.

§ 166b. State employees' affidavit.

No employee of the State of Illinois, or any political subdivision, agency or instrumentality thereof, but excluding cities, villages, incorporated towns, townships and counties, shall receive compensation or expenses from any appropriation which has been heretofore made, or which shall hereafter be made until such person has on file with his or her employing authority the following affidavit signed under oath:

United States of America ⎱
⎰ SS
State of Illinois ⎰

I, ...... do swear (or affirm) that I am not a member of nor affiliated with the communist party and that I am not knowingly a member of nor knowingly affiliated with any organization which advocates the overthrow or destruction of the Constitutional form of the government of the United States or of the State of Illinois, by force, violence or other unlawful means.

(Signed) ...........
.......... (seal)
Notary Public

**632**

ther those purposes. "A law which applies to membership without the 'specific intent' to further the illegal aims of the organization infringes unnecessarily on protected freedoms. It rests on the doctrine of 'guilt by association' * * *." Elfbrandt v. Russell, *supra*, 384 U.S. at 19, 86 S.Ct. at 1242.

The Supreme Court's rejection of the "knowledge" standard in favor of the test of "specific intent" is an affirmation that the First Amendment protects the right to knowingly associate with proscribed organizations absent some participation in the organization's illegal activities. Any lesser test runs the risk of punishing for "knowing but guiltless behavior," thereby chilling the right to free association.

"Those who join an organization but do not share its unlawful purposes and who do not participate in its unlawful activities surely pose no threat, either as citizens or as public employees. Laws * * * which are not restricted in scope to those who join with the 'specific intent' to further illegal action impose, in effect, a conclusive presumption that the member shares the unlawful aims of the organization." Elfbrandt v. Russell, *supra*, 384 U.S. at 17, 86 S.Ct. at 1241. See also: Opinion of the Justices, 108 N.H. 62, 228 A.2d 165 (1967); Vogel v. County of Los Angeles, 68 Cal.2d 18, 64 Cal.Rptr. 409, 434 P.2d 961 (1967); Haskett v. Washington, 294 F.Supp. 912 (D.C.1968).

Sections 166a and 166b suffer from this infirmity. They deny compensation for employment to members of subversive organizations who have knowledge of the group aims, but who have no specific intent to further those aims. Pickus v. Board of Education of City of Chicago, 9 Ill.2d 599, 138 N.E.2d 532 (1956).

Clearly, it is too late in the day to resurrect the premise that public employment, or compensation therefor, may be conditioned upon the surrender of constitutional rights that could not be abridged by direct governmental action. Adler v. Board of Education of City of New York, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517 (1952).

In sum, the constitutional issues raised in these actions have been fully and finally determined by the Supreme Court in *Keyishian, Elfbrandt* and *Whitehill, supra.* We are, therefore, left with no alternative but to conclude that the Illinois oath and underlying statutes, Sections 166a and 166b, supra, must fall as being in derogation of the First and Fourteenth Amendment rights of the plaintiffs.

It is, therefore, considered, ordered and adjudged:

(1) That defendants be and they are hereby enjoined from enforcing said statutes and the loyalty oath required thereunder and denying compensation to these plaintiffs.

(2) That said statutes and the loyalty oath required thereunder be and the same are declared void, unconstitutional and of no effect.

(3) That plaintiffs be awarded such compensation, interest, damages, and costs, as may be determined and awarded by District Judge James B. Parsons, to whom this case was originally assigned.