**SOCIALIST WORKERS PARTY; Frank Lovell, Chairman of the State Central Committee of the Socialist Workers Party; Evelyn Kirsch, Secretary of the State Central Committee of the Socialist Workers Party, Plaintiffs,**

v.

**James M. HARE, individually and as Secretary of the State of Michigan; Bernard J. Apol, individually and as Director of Elections and Secretary of the Board of Canvassers of the State of Michigan, Defendants.**

**Civ. A. No. 33120.**

United States District Court
E. D. Michigan, S. D.

Oct. 1, 1969.

James T. Lafferty, Lafferty, Reosti, Jabara, Papakhian, James, Stickgold & Smith, Detroit, Mich., for plaintiffs.

Frank J. Kelley, Atty. Gen., Charles D. Hackney, Asst. Atty. Gen., Lansing, Mich., for defendants.

---

## OPINION

LEVIN, District Judge.

Under § 168.685 of the Michigan Compiled Laws, a provision of the Michigan Election Law, in order for the name of a candidate of a new political party to be printed on the ballot, the political party must file petitions bearing the signatures of registered voters equal to not less than 1% nor more than 5% of the number of votes received by the successful candidate for secretary of state in the last election in which a secretary of state was elected. This provision further provides that "the petitions shall be signed by at least 100 residents in each of at least 10 counties of the state and not more than 35% of the minimum required number of the signatures may be by resident electors of any one county."

Plaintiffs are presently seeking a ballot position for the 1970 election.[1] In this action they are challenging the constitutionality of the above-stated requirement that the petitions contain at least 100 signatures from voters of each of 10 counties and that no more than 35% of the minimum required signatures be by voters of any one county.

Plaintiffs contend that the outcome of this case is controlled by the decision of the Supreme Court in Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969), holding unconstitutional a provision in the Illinois election statute. Under the Illinois law, a petition containing at least 25,000 signatures must be filed as a prerequisite to the nomination of a political candidate. The further requirement that the 25,000 signatures include at least 200 signatures from each of 50 counties was there held to be unconstitutional as a violation of the Equal Protection Clause.

---

1. Plaintiff Socialist Workers Party lost its ballot position following the November 1968 election because its principal candidate failed to receive votes equal to at least 1% of the total votes cast for the successful candidate for secretary of state. Under a different paragraph of the same statute which is the subject of this action, it is necessary to receive the specified minimum number of votes to maintain a ballot position in subsequent elections. § 168.685 Mich. C.L. of 1948.

Defendants have attempted to distinguish the Michigan statute from the Illinois statute involved in Moore v. Ogilvie. Defendants first contend that the Illinois statute was designed to require a statewide support of a political party, while the Michigan statute "is designed to require a modicum of distributed support sufficient to justify burdening all 83 Michigan counties with the expense of conducting an election with a particular party on the ballot." This contention is based on the fact that the Illinois statute required signatures of voters from 50 of Illinois' 102 counties, while the Michigan statute only requires signatures of voters from 10 of Michigan's 83 counties. However, it is clear that this difference is of no constitutional significance. The following portion of the Moore v. Ogilvie opinion is as true of the Michigan statute as it was true of the Illinois statute. "This law applies a rigid, arbitrary formula to sparsely settled counties and populous counties alike, contrary to the constitutional theme of equality among citizens in the exercise of their political rights. The idea that one group can be granted greater voting strength than another is hostile to the one man, one vote basis of our representative government." 394 U.S. at 818, 89 S.Ct. at 1496.

Defendants also attempt to distinguish the Illinois statute and the Michigan statute by asserting that the Michigan statute imposes substantially less burden on a new political party than does the Illinois statute. However, an inquiry into relative burden is foreclosed by the Supreme Court. The rights protected in Moore v. Ogilvie are not those of the political party candidates, but rather *the rights of the voters to equality in the exercise of their political rights.*

Finally, the defendants point out the fact that the Illinois statute did not contain a provision similar to the Michigan statute requiring that no more than 35% of the minimum number of voters signing the petition may reside in any one county. The 35% requirement is at least as discriminatory against voters in populous counties as the ten county requirement and under Moore v. Ogilvie is violative of the Equal Protection Clause.

The Michigan statute is constitutionally indistinguishable from the Illinois statute. Moore v. Ogilvie is a clear mandate and the position taken by the defendants that the Michigan statute is not unconstitutional is wholly without merit. Consequently, it is not necessary to convene a three-judge court to enjoin the operation of the state statute. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Turner v. City of Memphis, 369 U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); Kirkland v. Wallace, 403 F.2d 413 (5th Cir. 1968).

Plaintiffs may submit a form of decree for a permanent injunction upon notice to the defendants.