The **COMMUNIST PARTY OF ILLINOIS** et al., Plaintiffs,

v.

**Richard B. OGILVIE** et al., **Defendants.**

**No. 72 C 915.**

United States District Court,
N. D. Illinois, E. D.

Sept. 21, 1972.

See also, D.C., 357 F.Supp. 109.

David Goldberger, Sybille Fritzsche, Chicago, Ill., John J. Abt, New York City, for plaintiffs.

Bernard Genis, Asst. Atty. Gen., Chicago, Ill., for defendants.

Before CUMMINGS, Circuit Judge, and MAROVITZ and McMILLEN, District Judges.

### PRELIMINARY INJUNCTION

PER CURIAM.

This cause came on to be heard on plaintiffs' motion for a preliminary injunction and the court having considered the complaint, the affidavits provided by plaintiffs and documents in opposition thereto, and having heard argument in open court, this court states as follows:

### FINDINGS OF FACT

1. Plaintiffs are the Communist Party of Illinois, its candidates for public office for the election to be held on November 7, 1972 and the Reverend William E. Hogan, an Illinois voter suing on his own behalf and on behalf of other Illinois voters who wish to vote for candidates of the Communist Party of Illinois in the November 1972 election.

2. Defendants are Richard B. Ogilvie, individually and as Governor of the State of Illinois; John W. Lewis, individually and as Secretary of State of the State of Illinois; William J. Scott, individually and as Attorney General of the State of Illinois; Michael J. Howlett, individually and as Auditor of Public Accounts; Alan J. Dixon, individually and as State Treasurer of the State of Illinois; James Ronan, individually and as Chairman of the State Central Committee of the Democratic Party of Illinois; Victor Smith, individually and as Chairman of the State Central Committee of the Republican Party of Illinois. Together they compose the State Electoral Board of the State of Illinois.

3. On or about January 31, 1972, plaintiff Communist Party of Illinois, in order to form itself as a new political party throughout Illinois, nominated plaintiff candidates to seek election in the 1972 general election and printed and distributed new political party petitions to gather the requisite number of signatures.

4. As of August 3, 1972, plaintiffs and their agents collected a total of 33,027 signatures, of which 26,735 were by voters residing in Cook County (a county containing slightly more than one-half the registered voters in the state of Illinois) and 6,292 were by voters residing outside of Cook County (containing slightly less than one-half of all the registered voters in the state of Illinois.)

5. On August 3, 1972, plaintiffs tendered their petitions to the Index Division of the Office of the Secretary of State and their tender was refused pursuant to a letter from Don Ed, Supervisor of the Index Division stating *inter alia:*
Upon scanning the petition, it appears to meet with statutory requirements with the following exception: the petition was not accompanied with the so-called loyalty oaths for state offices as provided in section 7–10.1 of the Illinois Election Code. Therefore, the petition was not accepted for filing.

6. On August 8, 1972, the defendants were ordered by the Honorable Hubert L. Will to receive the petitions *nunc pro tunc* as of August 3, 1972. The petitions were tendered and received pursuant to that order.

7. On August 12, 1972, a challenge was filed to the Communist Party of Illinois new party petitions on grounds that they were not accompanied by loyalty oaths.

8. On September 6, 1972, a meeting of the Electoral Board was convened and sustained the objection to the validity of the petitions on ground that no loyalty oath had been filed.

9. On September 7, 1972, the Electoral Board reconvened and voted to deny certification of the Communist Party as a new political party so that its candidates would not be placed on the ballot. It based its ruling on the failure of the candidates of the Communist Party to sign loyalty oaths as required by Ch. 46, § 7–10.1, Ill. Rev.Stat.1971 and failure to comply with the county signature requirement of Ch. 46, § 10–2, Ill. Rev.Stat.1971.

## CONCLUSIONS OF LAW

10. This court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1343, 2201, 2202, 2281 and 2284 and Title 42 U.S.C. § 1983.

11. The loyalty oath requirement provided for by Ch. 46, § 7–10.1 and 10–5 is invalid in that:

a. It is vague and overbroad on its face and therefore unconstitu-

tional under the First and Fourteenth Amendments to the United States Constitution; See Livingston v. Ogilvie, 43 Ill.2d 9, 250 N.E.2d 138 (1969) (identical oath for candidates to the Illinois Constitutional Convention of 1969 held unconstitutional); Krehbiel v. Board of Education, 309 F.Supp. 630 (N.D.Ill.1969) (three-judge court) (similar oath for Illinois teachers held unconstitutional); Connell v. Higginbotham, 305 F.Supp. 445 (M.D.Fla.1969) affirmed in part, reversed in part, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418; Socialist Workers Party v. Attorney General, 345 F.Supp. 1132 . (S.D.Texas 1972). *See also* Elfbrandt v. Russell, 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed.2d 321 (1966); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Whitehill v. Elkins, 389 U.S. 54, 88 S.Ct. 184, 19 L.Ed.2d 228 (1967). Cole v. Richardson, 405 U.S. 676, 92 S.Ct. 1332, 31 L.Ed.2d 593 (1972).

b. The affirmation of citizenship of the United States and the State of Illinois being the only constitutionally valid portion of the oath as it now reads, no substantial purpose would be served by salvaging that portion of the oath alone in view of the fact that Ill.Rev.Stat.1971, ch. 46, § 10–5(3) requires a statement of candidacy that contains an implicit affirmation of citizenship. See Livingston v. Ogilvie, supra (Ill.Sup.Ct. made no attempt to salvage identical oath). In addition the practicalities of the situation militate against severing any portion of the oath since forcing the candidates of the petitioning party to sign an oath containing only the permissible clause, i. e. the affirmation of citizenship would involve delay where it cannot be justly tolerated in view of the imminence of the election. Once the election is over the state has ample opportunity to enact a permissible oath and invalidation of the whole oath in this instance will not undermine any state interest in having some form of oath in the interim.

12. The county signature requirement of Ch. 46, § 10–2, Ill.Rev.Stat.1971, permitting no more than 13,000 signatures of qualified voters from any one county to be counted toward the total of 25,000 which are a prerequisite for recognition as a new political party, is a denial of equal protection guaranteed to voters by the Fourteenth Amendment in that it discriminates against voters of the most populous county of the state in favor of voters in the less populous counties. See Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969) (broader county-wide signature requirement in Illinois held unconstitutional); Socialist Labor Party v. Rhodes, 318 F.Supp. 1262, 1272 (S.D.Ohio 1970); Socialist Workers Party v. Hare, 304 F.Supp. 534, 536 (E.D.Mich.1969); Baird v. Davoren, 346 F.Supp. 515 (D.Mass.1972).

13. Unless this court restrains the enforcement and implementation of the aforementioned unconstitutional statutory provisions, the plaintiffs will suffer serious and irreparable injury in that they will be prevented from qualifying for recognition as a new political party and will be deprived of a place on the ballot in the November 7, 1972 general election without adequate remedy at law.

It is therefore ordered, that defendants, their agents, servants, employees and attorneys and all persons in active concert and participation with them shall immediately certify plaintiffs Communist Party of Illinois as a new political party and immediately certify plain-

tiff candidates to all of the Illinois county clerks to be placed on the ballot in time for the November 7, 1972 general election.

NOTE: In view of the fact that the printing of Illinois ballots for the November 7, 1972 election has been held up pending decision of this case and considering the very short period remaining before that election, this Court has not included a written Opinion so that the expeditious entry of the appropriate relief may be facilitated.

McMILLEN, District Judge (dissenting).

I respectfully dissent from Conclusions of Law 11(a), 12 and 13, and the preliminary injunction entered in the above case.

The loyalty oath required for state-wide candidates in Illinois as I read it, complies substantially with the requirements of Cole v. Richardson, 405 U.S. 676, 92 S.Ct. 1332, 31 L.Ed.2d 593 (April 8, 1972) and is permissible under these circumstances. It reads:

I, ................... do swear that I am a citizen of the United States and the State of Illinois, that I am not affiliated directly or indirectly with any communist organization or any communist front organization, or any foreign political agency, party, organization or government which advocates the overthrow of constitutional government by force or other means not permitted under the Constitution of the United States or the constitution of this State; that I do not directly or indirectly teach or advocate the overthrow of the government of the United States or of this State or any unlawful change in the form of the governments thereof by force or any unlawful means.

[1971, Illinois Revised Statutes, Chapter 46, § 7–10.1]

Although this oath is not phrased or punctuated as precisely as we might prefer, its purport is clear enough and it should be construed to be constitutionally valid if possible. The extent that the Illinois version may go beyond the language specifically approved by the United States Supreme Court is a matter of semantics, not a matter of substance. As I understand the defendants' position, the oath is not required for candidates whose oath is prescribed by the Federal Constitution.

Furthermore, I believe that some geographical distribution of signatories on petitions is justified before a political party is entitled to participate in a state-wide election. The distribution required by the Illinois statute is a reasonable one, fulfilling the legislature's apparent desire not to saddle the citizens of the entire state with unjustified expenses, complexity of issues, and burdens on election judges. Giving voters outside of Cook County some voice in this determination conforms with, rather than violates, the principles of one-man one-vote recognized by the majority of the Supreme Court in Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L. Ed.2d 1 (1969).