The **SOCIALIST WORKERS PARTY OF ILLINOIS et al., Plaintiffs,**

v.

**Richard B. OGILVIE et al., Defendants.**

**No. 72 C 1922.**

United States District Court,
N. D. Illinois, E. D.

Sept. 21, 1972.

See also D.C., 357 F.Supp. 105.

Ronald Reosti, Detroit, Mich., Mark Spiegel, David C. Thomas, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen., of Illinois, Chicago, Ill., for defendants.

Before CUMMINGS, Circuit Judge, and MAROVITZ and McMILLEN, District Judges.

### MOTION FOR PRELIMINARY INJUNCTION

PER CURIAM.

This cause coming to be heard on Plaintiffs' motion for a preliminary injunction, and the Court having considered the amended complaint and memoranda provided by plaintiffs and the answer and documents in opposition, and having heard argument in open court, and being otherwise fully advised in the premises, this Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiffs are the Socialist Workers Party of Illinois, its candi-

dates for the office of electors for President and Vice-President of the United States, its candidates for public office for the election to be held on November 7, 1972. and Pearl Chertov, a registered Illinois voter suing on her own behalf and on behalf of other Illinois voters who wish to vote for candidates of the Socialist Workers Party of Illinois in the November, 1972, election.

2. Defendants are Richard B. Ogilvie, individually and as Governor of the State of Illinois; John W. Lewis, individually and as Secretary of State of the State of Illinois; William J. Scott, individually and as Attorney General of the State of Illinois; Michael J. Howlett, individually and as Auditor of Public Accounts; Alan J. Dixon, individually and as State Treasurer of the State of Illinois; James Ronan, individually and as Chairman of the State Central Committee of the Democratic Party of Illinois; Victor Smith, individually and as Chairman of the State Central Committee of the Republican Party of Illinois. Together they compose the State Electoral Board of the State of Illinois.

3. On or about November 17, 1971, Plaintiff Socialist Workers Party of Illinois, in order to form itself as a new political party throughout Illinois,. nominated Plaintiff candidates to seek election in the 1972 general election, and printed and circulated new political party petitions to gather the requisite number of signatures.

4. From on or about May 13, 1972, through on or about June 25, 1972, Plaintiffs and their agents collected approximately 40,000 signatures, of which more than 13,000 were by voters residing in Cook County and more than 12,000 were by voters residing outside of Cook County.

5. On August 2, 1972, Plaintiffs tendered their petitions to the Index Division of the Office of the Secretary of State and their tender was refused pursuant to a letter from Don Ed, Supervisor of the Index Division stating *inter alia*: The Petitions were not accompanied with the so-called loyalty oaths for the state offices as provided in Section 7–10.1 of the Illinois Election Code. Therefore, the Petitions were not accepted for filing.

6. On August 4, 1972, Defendants were ordered by the Honorable Hubert L. Will to file the petitions, and on August 7, 1972, the petitions were tendered and filed pursuant to that order.

7. On August 12, 1972, written objection was filed to Plaintiffs' petitions, on the ground that the petitions were not accompanied by loyalty oaths.

8. Plaintiffs' petitions were not accompanied by loyalty oaths.

9. On August 17, 1972, at a meeting of some members of the State Electoral Board, which was recessed until September 6, 1972, for lack of a quorum of the Board, plaintiffs were specifically informed that if the age of the Socialist Workers Party's candidate for President, Linda Jenness, was under 35 years, objections to her candidacy on that ground and to the Socialist Workers Party's certification as a political party for failure to put forth a full ticket would be made on September 6 or 7, 1972, irrespective of the validity or invalidity of the loyalty oath requirement.

10. On September 6, 1972, a meeting of the Electoral Board was convened and sustained the objection to the validity of the petitions on the ground that no loyalty oath had been filed.

11. At the September 6, 1972, meeting of the Electoral Board, plaintiffs' counsel stipulated that the age of Linda Jenness was under 35 years and that she would not reach 35 years of age at the time of the election. Testimony was given that the age of Linda Jenness was 31 years. Counsel for Plaintiffs was given full opportunity to argue that the Socialist Workers Party should not be denied certification because of the age of its candidate for President, although counsel was informed that a ruling would be reserved until the certification hearing on the following day.

12. No written objection was filed as to the age of Plaintiff Jenness, candidate for the office of President of the United States.

13. The Electoral Board did meet on September 7, 1972, with Defendants Lewis, Scott, Smith, Ronan and Howlett being present.

14. Defendant Howlett is a candidate for the office of Secretary of State at the November 1972 election, and Defendant Scott is a candidate for the office of Attorney General at the November 1972 election.

15. At the September 7, 1972, meeting of the Electoral Board regarding certification of candidates on the 1972 general election ballot, testimony from the previous day's meeting regarding the age of Linda Jenness was incorporated into the record, and counsel acting for Plaintiffs was permitted to reargue the age issue.

16. On September 7, 1972, the Electoral Board voted to deny certification to Plaintiffs, so that Plaintiff candidates will not be placed on the ballot, based upon Plaintiffs' failure to file signed loyalty oaths, as required by 1971 Ill. Rev.Stat., ch. 46, § 7–10.1 and also based upon the fact that Plaintiff Jenness is 31 years of age.

17. Defendants Lewis, Smith, Ronan and Howlett voted on that date to deny certification based upon the age of Plaintiff Jenness, with Defendant Scott abstaining.

CONCLUSIONS OF LAW

18. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1343, 2201, 2202, 2281 and 2284 and Title 42 U.S.C. § 1983.

19. The loyalty oath requirement provided for by Ch. 46, §§ 7–10.1 and 10–5 is invalid in that:

a. It is vague and overbroad on its face and violated Plaintiffs' rights to participate in the electoral process, to freedom of speech, and to freedom of association, and is therefore unconstitutional under the First and Fourteenth Amendments to the United States Constitution. (See Livingston v. Ogilvie, 43 Ill.2d 9, 250 N.E.2d 138 (1969) (identical oath for candidates to the Illinois Constitutional Convention of 1969 held unconstitutional); Krehbiel v. Board of Education, 309 F. Supp. 630 (N.D.Ill.1969) (three-judge court) (similar oath for Illinois teachers held unconstitutional); Connell v. Higginbotham, 305 F.Supp. 445 (M.D.Fla.1969) affirmed in part, reversed in part, 403 U.S. 207, 91 S.Ct. 1772, 29 L. Ed.2d 418; The Socialist Workers Party v. Attorney General, 345 F. Supp. 1132 (S.D.Texas 1972). See also Elfbrandt v. Russell, 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed.2d 321 (1966); Keyishain v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Whitehill v. Elkins, 389 U.S. 54, 88 S.Ct. 184, 19 L.Ed.2d 629 (1967). Cole v. Richarson, 405 U.S. 676, 92 S.Ct. 1332, 31 L.Ed.2d 593 (1972).

b. The affirmation of citizenship of the United States and the State of Illinois being the only constitutionally valid portion of the oath as it now reads, no substantial purpose would be served by salvaging that portion of the oath alone in view of the fact that Ill.Rev.Stat.1971, ch. 46, § 10–5(3) requires a statement of candidacy that contains an implicit affirmation of citizenship. See Livingston v. Ogilvie, supra, (Ill.Sup.Ct. made no attempt to salvage identical oath).

20. The action of Defendants in denying certification to Plaintiffs based upon the admitted fact that Linda Jenness' age is 31 years, whereas Article II, Section 1 of the United States Constitution sets the age of 35 years as a requirement for eligibility for the office of President of the United States violates no federal right of Plaintiffs warranting preliminary injunctive relief:

a. Amendment XX, Section 3 of the United States Constitution does not foreclose the Defendants from precluding from Illinois' general election ballot a would-be candidate for President who does not fulfill the eligibility requirements specified in Article II, Section 1 of the United States Constitution.

b. No First Amendment right of Plaintiffs was infringed by the action of Defendants in not certifying the Socialist Workers Party as a new political party for purposes of the general election ballot because of the failure of the Party to put forth a full slate of candidates eligible for the offices they seek, assuming that is a proper interpretation of Illinois law.

c. Under the circumstances present here, no due process rights of Plaintiffs under the Fourteenth Amendment were violated by Defendants' actions in refusing to certify the Socialist Workers Party for a place on the 1972 Illinois general election ballot because of the admitted age of Linda Jenness which would entitle Plaintiffs to the preliminary injunctive relief they seek, *viz.*, an order requiring the Party's certification as a new political party and Plaintiff candidates certification for places on the Illinois general election ballot.

21. It would be inopportune for this Court to exercise pendent jurisdiction over the various claims made by Plaintiffs under Illinois law such as the alleged procedural irregularities that took place at the Electoral Board Hearings.

It is therefore ordered that Plaintiffs' Motion for Preliminary Injunctive Relief be and hereby is denied.

NOTE: In view of the fact that the printing of Illinois ballots for the November 7, 1972 election has been held up pending decision of this case and considering the very short period remaining before that election, this Court has not included a written Opinion so that the expeditious entry of the appropriate relief may be facilitated.

McMILLEN, District Judge (concurring and dissenting).

I concur in the result in this case but I respectfully dissent from Conclusion of Law 19a. See my dissent in The Communist Party of Illinois et al. v. Ogilvie et al., D.C., 357 F.Supp. 105, entered today.