CONNELL v. HIGGINBOTHAM ET AL.

No. 79. Argued November 19, 1970—Decided June 7, 1971

*Sanford Jay Rosen* argued the cause for appellant. With him on the brief were *Tobias Simon* and *Melvin L. Wulf.*

*Stephen Marc Slepin* argued the cause for appellees. With him on the brief were *Rivers Buford, Jr.,* and *James W. Markel.*

PER CURIAM.

This is an appeal from an action commenced in the United States District Court for the Middle District of Florida challenging the constitutionality of §§ 876.05–876.10 of Fla. Stat. (1965), and the various loyalty oaths upon which appellant's employment as a school teacher was conditioned. The three-judge U. S. District Court declared three of the five clauses contained in the oaths to be unconstitutional,* and enjoined the State from con-

---

* The clauses declared unconstitutional by the court below required the employee to swear: (a) "that I am not a member of the Communist Party"; (b) "that I have not and will not lend my aid, support, advice, counsel or influence to the Communist Party"; and (c) "that I am not a member of any organization or party which believes in or teaches, directly or indirectly, the overthrow of the Government of the United States or of Florida by force or violence."

ditioning employment on the taking of an oath including the language declared unconstitutional. The appeal is from that portion of the District Court decision which upheld the remaining two clauses in the oath: I do hereby solemnly swear or affirm (1) "that I will support the Constitution of the United States and of the State of Florida"; and (2) "that I do not believe in the overthrow of the Government of the United States or of the State of Florida by force or violence."

On January 16, 1969, appellant made application for a teaching position with the Orange County school system. She was interviewed by the principal of Callahan Elementary School, and on January 27, 1969, appellant was employed as a substitute classroom teacher in the fourth grade of that school. Appellant was dismissed from her teaching position on March 18, 1969, for refusing to sign the loyalty oath required of all Florida public employees, Fla. Stat. § 876.05.

The first section of the oath upheld by the District Court, requiring all applicants to pledge to support the Constitution of the United States and of the State of Florida, demands no more of Florida public employees than is required of all state and federal officers. U. S. Const., Art. VI, cl. 3. The validity of this section of the oath would appear settled. See *Knight* v. *Board of Regents,* 269 F. Supp. 339 (1967), aff'd *per curiam,* 390 U. S. 36 (1968); *Hosack* v. *Smiley,* 276 F. Supp. 876 (1967), aff'd *per curiam,* 390 U. S. 744 (1968); *Ohlson* v. *Phillips,* 304 F. Supp. 1152 (1969), aff'd *per curiam,* 397 U. S. 317 (1970).

The second portion of the oath, approved by the District Court, falls within the ambit of decisions of this Court proscribing summary dismissal from public employment without hearing or inquiry required by due process. *Slochower* v. *Board of Education,* 350 U. S. 551

(1956). Cf. *Nostrand* v. *Little*, 362 U. S. 474 (1960); *Speiser* v. *Randall*, 357 U. S. 513 (1958). That portion of the oath, therefore, cannot stand.

Affirmed in part, and reversed in part.

MR. JUSTICE MARSHALL, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE BRENNAN join, concurring in the result.

I agree that Florida may require state employees to affirm that they "will support the Constitution of the United States and of the State of Florida." Such a forward-looking, promissory oath of constitutional support does not in my view offend the First Amendment's command that the grant or denial of governmental benefits cannot be made to turn on the political viewpoints or affiliations of a would-be beneficiary. I also agree that Florida may not base its employment decisions, as to state teachers or any other hiring category, on an applicant's willingness *vel non* to affirm "that I do not believe in the overthrow of the Government of the United States or of the State of Florida by force or violence."

However, in striking down the latter oath, the Court has left the clear implication that its objection runs, not against Florida's determination to exclude those who "believe in the overthrow," but only against the State's decision to regard unwillingness to take the oath as conclusive, irrebuttable proof of the proscribed belief. Due process may rightly be invoked to condemn Florida's mechanistic approach to the question of proof. But in my view it simply does not matter what kind of evidence a State can muster to show that a job applicant "believe[s] in the overthrow." For state action injurious to an individual cannot be justified on account of the nature of the individual's beliefs, whether he "believe[s] in the overthrow" or has any other sort of belief. "If

there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion . . . ." *Board of Education v. Barnette,* 319 U. S. 624, 642 (1943).

I would strike down Florida's "overthrow" oath plainly and simply on the ground that belief as such cannot be the predicate of governmental action.

MR. JUSTICE STEWART, concurring in part and dissenting in part.

The Court upholds as clearly constitutional the first clause of the oath as it comes to us from the three-judge District Court: "I will support the Constitution of the United States and of the State of Florida . . . ." With this ruling I fully agree.

As to the second contested clause of the oath, "I do not believe in the overthrow of the Government of the United States or of the State of Florida by force or violence," I would remand to the District Court to give the parties an opportunity to get from the state courts an authoritative construction of the meaning of the clause. If the clause embraces the teacher's philosophical or political beliefs, I think it is constitutionally infirm. *Baird* v. *State Bar of Arizona,* 401 U. S. 1, 9–10 (concurring opinion); *Board of Education* v. *Barnette,* 319 U. S. 624, 642; *Cantwell* v. *Connecticut,* 310 U. S. 296, 303–304. If, on the other hand, the clause does no more than test whether the first clause of the oath can be taken "without mental reservation or purpose of evasion," I think it is constitutionally valid. *Law Students Civil Rights Research Council, Inc.* v. *Wadmond,* 401 U. S. 154, 163–164. The Florida courts should, therefore, be given an opportunity to construe the clause before the federal courts pass on its constitutionality.

See *Fornaris* v. *Ridge Tool Co.,* 400 U. S. 41, 43–44; *Reetz* v. *Bozanich,* 397 U. S. 82, 85–87; *Railroad Comm'n* v. *Pullman Co.,* 312 U. S. 496, 498–501.

The Supreme Court of Florida has explicitly held that the various clauses of the oath are severable. *Cramp* v. *Board of Public Instruction,* 137 So. 2d 828, 830–831.