279 So.2d 822 (1973)
Harold T. FIELDS, Appellant,
v.
Reuben ASKEW et al., Appellees.
No. 42874.
Supreme Court of Florida.
June 20, 1973.
John A. Ritter, Coral Gables, for appellant.
Irma V. Hernandez, of Sepler & Sussman, Hialeah and Jerry E. Oxner, Asst. Atty. Gen., for appellees.
McCAIN, Justice.
This is a direct appeal from a judgment of the Circuit Court of Dade County upholding the validity of Fla. Stat. § 97.051. We have jurisdiction over the cause pursuant to Fla. Const., Article V, Section 3(b) (1).
*823 Appellant Fields is a resident of Dade County over the age of twenty-one. On or about February 22, 1972, appellant presented himself to the appellees or their agents for the purpose of placing his name on the list of qualified voters of Dade County and the State of Florida. The appellees ascertained that appellant met all the requirements prescribed by law and sought to administer to him the oath required of prospective voters in Florida by Fla. Stat. § 97.051, F.S.A. The statute provides:
"A person making application for registration as an elector shall take the following oath: `I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and the Constitution of the State of Florida, and that I am qualified to register as an elector under the Constitution and laws of the State of Florida.'"
Appellant refused to take the oath. Appellees accordingly refused to register him as a voter and will continue to do so in the future.
Thereupon appellant brought the instant action in the Circuit Court seeking to test the constitutionality of Fla. Stat. § 97.051, F.S.A. On motion for summary judgment by appellees, the Circuit Court determined that no triable issues of fact existed and entered judgment upholding the validity of the oath. Appellant seeks review in this Court arguing that the oath is unconstitutional in that 1) it denies equal protection of the laws to the class of citizens of which appellant is a member, 2) it denies appellant due process of law, and 3) it abridges the first and fourteenth amendment to the U.S. Constitution by establishing the loyalty oath as a pre-condition to the use of the electoral process.
Fla. Const., Article VI, Section 3, provides explicitly for the questioned oath to be administered to prospective voters:
"Section 3. Oath.  Each eligible citizen upon registering shall subscribe the following: `I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and the Constitution of the State of Florida, and that I am qualified to register as an elector under the Constitution and laws of the State of Florida.'"
Confronted with such a mandate, the members of this Court are reminded of their own obligation as state officers to uphold the Florida Constitution pursuant to Article II, Section 5(b) thereof:
"(b) Each state and county officer, before entering upon the duties of the office, shall give bond as required by law, and shall swear or affirm:
`I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of (title of office) on which I am now about to enter. So help me God.'"
Appellant is contending that his "constitutional rights" are denied by the requirement to subscribe to the oath which the very constitution he asserts, demands that he do, as a condition to the exercise of the right. Such an incongruous and inconsistent position can hardly support his contention of a denial of his "constitutional rights".
All too often there are those who stoutly demand their rights while making a mockery of the legal process which assures them the rights which they are demanding. It is difficult to see what appellant's purpose is in complaining of an allegiance to the constitution by which he purports to stand. His position is completely devoid of merit or reason.
Now let us plug appellant's Federal contentions into the socket of reasoning. Dispositive of this argument are the cases of *824 Cole v. Richardson[1] and Connell v. Higginbotham.[2] Both cases concerned the validity of loyalty oaths, and both upheld at least portions of the oaths involved  the portions that consisted of language similar to that in the case sub judice. Both cases treated loyalty oaths required for public employment. While, of course, the right to public employment is not nearly so fundamental as the right to vote, nevertheless it is one of a group of governmental benefits that have been increasingly recognized as approaching fundamental status. These cases, therefore, are sufficiently analogous to control.
In Cole v. Richardson, the entire Court agreed on one point:
"The District Court in the instant case properly recognized that the first clause of the Massachusetts oath, in which the individual swears to `uphold and defend' the constitutions of the United States and the Commonwealth, is indistinguishable from the oaths this Court has recently approved."[3]
"All agree that the first part of this oath, under which a person swears `to uphold and defend' the federal and state Constitutions, is wholly valid under the First and Fourteenth Amendments."[4]
"The first half of the oath, requiring an employee to indicate a willingness to `uphold and defend' the State and Federal Constitutions, is clearly constitutional. It is nothing more than the traditional oath of support which we have unanimously upheld as a condition of public employment."[5]
In Connell v. Higginbotham, a case involving a loyalty oath required of Florida school teachers, the entire Court similarly agreed:
"The first section of the oath upheld by the District Court, requiring all applicants to pledge to support the Constitution of the United States and of the State of Florida, demands no more of Florida public employees than is required of all state and federal officers. U.S. Const., Art. VI, cl. 3. The validity of this section of the oath would appear settled."[6]
"I agree that Florida may require state employees to affirm that they `will support the Constitution of the United States and of the State of Florida.' Such a forward-looking, promissory oath of constitutional support does not in my view offend the First Amendment's command that the grant or denial of governmental benefits cannot be made to turn on the political viewpoints or affiliations of a would-be beneficiary."[7]
"The Court upholds as clearly constitutional the first clause of the oath as it comes to us from the three-judge District Court: `I will support the Constitution of the United States and of the State of Florida... .' With this ruling I fully agree."[8]
Accordingly, since the oath in question conflicts with neither the State Constitution nor the Federal Constitution, the judgment of the trial court must be and is hereby affirmed.
It is so ordered.
CARLTON, C.J., ROBERTS, ADKINS, BOYD and DEKLE, JJ., and RAWLS, District Court Judge, concur.
NOTES
[1] 405 U.S. 676, 92 S.Ct. 1332, 31 L.Ed.2d 593 (1972).
[2] 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971).
[3] 405 U.S. at 638, 92 S.Ct. at 1336, 31 L.Ed.3d at 601.
[4] Id., 405 U.S. at 687, 92 S.Ct. at 1338, 31 L.Ed.3d at 604 (Stewart and White, JJ., concurring.)
[5] Id., 405 U.S. at 692, 92 S.Ct. at 1341, 31 L.Ed.3d at 607 (Marshall and Brennan, JJ., dissenting.)
[6] 403 U.S. at 208, 91 S.Ct. at 1773.
[7] Id. at 209, 91 S.Ct. at 1774 (Marshall, Douglas, and Brennan, JJ., concurring.)
[8] Id. at 210, 91 S.Ct. at 1774 (Stewart, J., concurring in part and dissenting in part.)