Mr. Frank C. Oberhausen, Jr. City Attorney City of Sebring 241 South Commerce Sebring, Florida 33870
Dear Mr. Oberhausen:
This is in response to your request for an opinion on substantially the following question:
 IS A MUNICIPAL EMPLOYEE REQUIRED TO TAKE THAT PORTION OF THE OATH SET FORTH IN s 876.05, F.S., WHICH STATES `THAT I AM NOT A MEMBER OF THE COMMUNIST PARTY; THAT I HAVE NOT AND WILL NOT LEND MY AID, SUPPORT, ADVICE, COUNSEL, OR INFLUENCE TO THE COMMUNIST PARTY . . . .'?
Section 876.05, F.S., prescribes an oath which is a minimum requirement for the employment of `[a]ll persons who now or hereafter are employed by or who now or hereafter are on the payroll of the state, or any of its departments and agencies, subdivisions, counties, cities, school boards and districts of the free public school system of the state or counties, or institutions of higher learning, and all candidates for public office . . . .' (e.s.) Section 876.05(1), F.S. The provisions of s876.05 apply to all employees and elected officers of the state, including the Governor and constitutional officers and all employees and elected officers of all cities, towns, counties and political subdivisions, including the educational system. Section876.09(1), F.S. The oath is to be taken before a person authorized to take acknowledgments of instruments for public record and is to be filed with the records of the governing official or employing governmental agency prior to the approval of any voucher for the payment of salary, expenses, or other compensation. Section876.05(1) and (2), F.S. Cf., s 92.50, F.S., as to who may take or administer oaths and acknowledgments required or authorized under the laws of Florida. The form of the oath as set forth in s876.05(1), F.S., is as follows:
 I, _____, a citizen of the State of Florida and of the United States of America, and being employed by or an officer of ___ and a recipient of public funds as such employee or officer, do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida; that I am not a member of the Communist Party; that I have not and will not lend my aid, support, advice, counsel, or influence to the Communist Party; that I do not believe in the overthrow of the Government of the United States or of the State of Florida by force or violence; that I am not a member of any organization or party which believes in or teaches, directly or indirectly, the overthrow of the Government of the United States or of Florida by force or violence.
However, since this section was enacted by the Legislature in Ch. 25046, 1949, Laws of Florida, portions of the oath, including the specific phrases to which you refer have been judicially determined to be unconstitutional. See, Connell v. Higginbotham,403 U.S. 207 (1971); Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla. 1962).
In Cramp v. Board of Public Instruction of Orange County, supra, a challenge was brought by a school teacher asserting the unconstitutionality of the portion of the oath which reads: `that I have not [lent] and will not lend my aid, support, advice, counsel or influence to the Communist Party . . . .' The United States Supreme Court found `that these general words and phrases are so vague and indefinite that any penalty prescribed for their violation constitutes a denial of due process of law.' Cramp v. Board of Public Instruction of Orange County, Florida,368 U.S. 278, 287 (1961). Thereafter, the Florida Supreme Court invalidated or eliminated the particular language of the clause which had been held to be vague, but held that the balance of s 876.05, F.S., remained in full force and effect. Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828, 831 (1962).
Subsequent to the Cramp decision other portions of the `loyalty oath,' s 876.05(1), F.S., have been determined to be unconstitutional. In Connell v. Higginbotham, 403 U.S. 207 (1971), the Court struck down the portion of the oath which requires a public employee to swear or affirm `that I do not believe in the overthrow of the Government of the United States or of the State of Florida by force or violence. . . .' The Court opined that this portion of the oath was within the scope of those decisions of the Court `proscribing summary dismissal from public employment without hearing or inquiry required by due process.' Connell, supra, at 208. In the Connell case the Supreme Court affirmed the constitutionality of that section of the oath requiring public employees to pledge to support the Constitution of the United States and the State of Florida. A similar oath is required to be taken by all state and county officers and federal officers. See, Art. VI, cl. 3, U.S. Const., and s 5(b), Art. II, State Const. Prior to consideration of the `loyalty oath' by the Supreme Court in the Connell case, several portions of the oath had been stricken by a federal district court in Florida. See, Connell v. Higginbotham, 305 F. Supp. 445 (M.D.Fla., 1969). The three-judge U.S. District Court determined that the clauses of the oath stating `that I am not a member of the Communist Party; that I have not and will not lend my aid, support, advice, counsel or influence to the Communist Party; . . . that I am not a member of any organization or party which believes in or teaches, directly or indirectly, the overthrow of the Government of the United States or of Florida by force or violence', are also unconstitutional. Id., at 451, 452, 453, 455. The District Court permanently enjoined the state from conditioning employment on the taking of an oath including the language of these three *3322 clauses. Id., at 455. Appeal was taken from that portion of the District Court decision which upheld the remaining two clauses in the oath: (1) `that I will support the Constitution of the United States or of the State of Florida' and (2) `that I do not believe in the overthrow of the government of the United States or of the State of Florida by force or violence.' Id., 403 U.S. 207, 208. The Supreme Court sustained the validity of the first clause upheld by the District Court but struck down the second clause. Id., 403 U.S. 207, 208. Thus of the five clauses contained in the oath set forth in s 876.05(1), F.S., all have been judicially invalidated and eliminated except the first clause which requires public officers and employees to swear or affirm that they `will support the Constitution of the United States and of the State of Florida.' The fact that subsequent court opinions have reduced the scope of the oath by nullifying particular sections does not mean that the entire oath must be stricken. There has been a judicial elimination of language found constitutionally objectionable, but the remainder of the oath is intact. See, Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828, 830 (Fla. 1962). Although it would be inappropriate to consider the following a `revised' oath (because the Legislature has prescribed the form of the oath in s876.05[1], F.S.), the following represents the balance of that which the Legislature has enacted (and the validity of which has been sustained by the state and federal courts) as the loyalty oath for those public officers and employees contemplated by s876.05, f.S.:
 I, ___, a citizen of the State of Florida and of the United States of America, and being employed by or an officer of ___ and a recipient of public funds as such employee or officer, do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.
Therefore, it is my opinion that until judicially or legislatively determined to the contrary, a municipal employee is not required to take that portion of the oath set forth in s 876.05, F.S., which requires that he or she swear or affirm that `I am not a member of the Communist Party; that I have not and will not lend my aid, support, advice, counsel, or influence to the Communist Party . . . .' Except for that portion of s 876.05 stating `that I will support the Constitution of the United States and of the State of Florida,' the validity of which has been judicially sustained, the other and remaining clauses or provisions of the statute have been judicially invalidated and eliminated by the state or federal courts.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General