Dr. Henry WIGGINS

v.

Jesse STONE, Jr., et al.

Civ. A. No. 83–899–A.

United States District Court, M.D. Louisiana.

Sept. 21, 1983.

R. Judge Eames, Baton Rouge, La., for plaintiff.

Winston G. DeCuir, Baton Rouge, La., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MOTION FOR A PRELIMINARY INJUNCTION

JOHN V. PARKER, Chief Judge.

This matter is before the court on plaintiff's motion for a preliminary injunction which has been tried, briefed by both sides, and submitted to the court.

Plaintiff, a tenured professor at Southern University and Agricultural & Mechanical College, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1981 et seq., and the First, Fifth, and Fourteenth Amendments against the President of the Southern University system, the Chancellor of the Baton Rouge campus, other academic personnel, and the Board of Supervisors of the University for injunctive relief and monetary damages. Plaintiff alleges that his removal as Chairman of the Department of Mass Communications by the Chancellor, Dr. Prestage, constitutes a violation of his constitutionally protected rights. Although plaintiff's complaint alleges the full panoply of employment rights—that he was removed as chairman because of the exercise of his First Amendment right of free speech, *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), that his removal with out a hearing deprived him of his liberty interest under the Fourteenth Amendment by stigmatizing him without affording him a forum in which to clear his name, *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), and that because petitioner has acquired a property interest in his position as chairman, the Fourteenth Amendment mandates that he be accorded procedural due process prior to removal, *Board of Regents v. Roth, supra, Perry v. Sindermann, supra, Arnett v. Kennedy,* 416 U.S. 134, 94

S.Ct. 1633, 40 L.Ed.2d 15 (1974)—plaintiff has limited his post-trial brief to the claim of deprivation of a property interest without procedural due process.

■ Because the complaint is brought against the Board of Supervisors of the University and the individual defendants in their official as well as individual capacities, the court sua sponte raised the question of whether the Eleventh Amendment operates to deprive the court of jurisdiction to hear the claim against the Board and those made defendants in their official capacity. *United ed Carolina Bank v. Board of Regents,* 665 F.2d 553 (5th Cir.1982). While that issue may be critical to ultimate resolution of the merits of this action, it is clear that injunctive relief may be granted against an official of the state under circumstances where the state itself is immune from liability. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Accordingly, since the only matter before the court at this time is plaintiff's motion for preliminary injunction, the Eleventh Amendment issue may be postponed until the merits.

■ Although we have spoken of plaintiff's "removal" in the past tense, the removal has not actually occurred yet; Chancellor Prestage has simply informed plaintiff that he will be removed as Chairman and has submitted to him an employment contract covering only academic duties as a professor. The defendants have stipulated that no removal will be consummated pending trial and resolution of this motion for preliminary injunction; accordingly, plaintiff here seeks a preventive remedy for which injunctive relief is appropriate. *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.,* 441 F.2d 560 (5th Cir. 1971).

*Canal Authority of Florida v. Callaway,* 489 F.2d 567 (5th Cir.1974), teaches that before a preliminary injunction may issue, plaintiff must demonstrate: (1) irreparable injury because of the unavailability of an adequate remedy at law, (2) a substantial likelihood of success upon the merits, (3) that threatened injury to plaintiff outweighs possible harm to the defendants and (4) the preliminary injunction will not disserve the public interest. Since it is well established that deprivation of a constitutionally protected right constitutes irreparable injury, *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), we consider whether plaintiff has demonstrated a substantial likelihood of success upon the trial of the merits.

Plaintiff is a tenured professor and has served as Chairman of the Department of Mass Communications for thirteen years. His service as Chairman has been under a series of one year contracts. Plaintiff claims that university policies and regulations establish a system of tenure for department chairmen, and alternatively that he has acquired de facto tenure as chairman which entitles him to continue in that position unless removed for cause following a hearing on specific charges. Chancellor Prestage has made no public statement regarding plaintiff's removal and did not offer any reason for such removal to the plaintiff.

■ Plaintiff must first demonstrate a property interest in employment in order to claim the due process procedural requirements of the Fourteenth Amendment. There clearly is no federally created property interest in state public employment; the sufficiency of this claim must, therefore, be decided by reference to state law. *Bishop v. Wood, supra.* Plaintiff relies upon language in the University Faculty Handbook as creating a de jure property interest in all chairmen. Under the title "Departmental Chairpersons," that work provides:

A. GENERAL CHARACTERISTICS

*       *       *       *       *       *

2. His tenure of office should be indefinite, but he should be subject to review every three years.

■ Plaintiff argues in brief that "indefinite" with review every three years clearly

indicates that a chairman, once appointed, is to remain in that position permanently, subject to a review of his performance every three years. That argument does not, however, consider the provisions of the By-laws and Regulations adopted by the Board of Supervisors which specifically provide at Section 2–9, under "Tenure":

The University subscribes to the principles of tenure for *academic staff* . . . [emphasis added]

* * * * * *

The following provisions for tenure, which are in accord with those adopted by the Board of Regents, shall be observed:

A. The Board of Supervisors has the ultimate responsibility for employing academic personnel and for awarding or denying tenure to academic personnel. The precise terms and conditions of every appointment shall be stated in writing and be in the possession of both institution and employee before the appointment is consummated.

B. Indeterminate tenure shall be earned by a full-time academic personnel with respect to academic rank only.

1. Administrators shall not earn tenure except in their capacity as members of the faculty.

The Faculty Handbook contains precisely the same provisions as those quoted above under the title "ACADEMIC TENURE." Plaintiff attempts to avoid application of this clear language by arguing that the departmental chairmen are not "administrators" and hence not subject to limitations upon administrators. The Faculty Handbook itself refutes that argument. It provides that "Departmental Chairpersons are responsible to their College Deans or Divisional Chairpersons for the efficient planning and management of the instructional and research programs under their supervision." Planning and management of instructional and research programs are clearly administrative, not academic, functions. The regulations adopted by the Board of Supervisors clearly restricts the benefit of tenure to "full-time academic personnel with respect to academic rank only." Wherever a chairman of a department is properly placed in the table of organization, he clearly does not enjoy tenure in that position under the University regulations. Plaintiff's academic rank is that of professor, and he freely admits that no attempt has been made to interfere with his academic status.

Plaintiff next argues that, despite the language of the regulations and the Faculty Handbook, the University has established a practice of allowing chairmen, once appointed, to serve permanently. As evidence of that practice, he relies upon the fact that there have been few changes in departmental chairmen during his years at the University and upon the testimony of Dr. Whitfield, Chairman of the Department of Theatre. Dr. Whitfield has been at Southern for nineteen years and has been chairman of his department for eleven years. He testified that it was his "understanding" that as long as a chairman served well, he could continue in that capacity. Defendants countered with the direct testimony of Dr. Stone, Dr. Prestage and Rev. Johnson, Chairman of the Board, that chairman of departments have never been considered as tenured appointments at Southern and that chairmen have always served at the pleasure of the Chancellor (Board of Supervisors). The testimony of plaintiff's own witness, Dr. William Hicks, however, serves to refute plaintiff's claim of de facto tenure. Dr. Hicks has been at the university for twenty-three years and is a former Chairman of the Department of Secondary Education and former Dean of the College of Education. When asked on direct examination whether it is customary "that once in the Chair, that one continues in the Chair, unless he decides to take another position," Dr. Hicks replied: "I don't believe so. It seems to me that the policy states that one who is an administrator does not acquire tenure in that position, but serves at the pleasure of the board of supervisors."

The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired under state law, and

while that provision extends protection to non-tenured teachers, it protects only those with a clearly implied promise of continued employment. *Board of Regents v. Roth, supra; Connell v. Higginbotham,* 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971); *Wells v. Doland,* 711 F.2d 670 (5th Cir.1983); *Burris v. Willis Independent School District, Inc.,* 713 F.2d 1087 (5th Cir.1983).

Plaintiff has not demonstrated an acquired property interest in continuing his position as chairman; accordingly, he has not shown that there is a substantial likelihood that he will prevail on the merits on his procedural due process claim. Thus, he is not entitled to a preliminary injunction on that claim.

While plaintiff, as noted above, makes additional claims for preliminary injunctive relief, and some evidence was introduced on those claims, he has restricted his brief to the question of Fourteenth Amendment due process and the preponderance of the evidence does not, at least at this time, convince the court that plaintiff is being removed as the Department of Mass Communications because of his exercise of his constitutionally protected First Amendment rights or that the simple act of removing him imposed on him such a stigma that his freedom to take advantage of other employment opportunities was foreclosed. *Board of Regents v. Roth, supra.* Resolution of the additional claims and issues will await trial upon the merits, and the court makes no prejudgment as to what the holding will be following receipt of all of the evidence. The only holding here is that plaintiff has not sufficiently established his likelihood of success on the merits regarding his Fourteenth Amendment procedural due process claim to warrant issuance of a preliminary injunction.

Accordingly, plaintiff's motion for a preliminary injunction is hereby DENIED.