DISTRICT COUNSEL 33, AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO; District Counsel 47, American Federation of State, County and Municipal Employees, A.F.L.–C.I.O.; and, William Ennis, George Guagenti, Joseph McTamney, Francis Bujak, and Richard Grochowski

v.

## CITY OF PHILADELPHIA.

Civil Action No. 94–7348.

United States District Court,
E.D. Pennsylvania.

Oct. 25, 1995.

Ralph J. Teti, Deborah R. Willig, Catherine Merino Reisman, Willig, Williams & Davidson, Philadelphia, PA, for District Council 33, American Federation of State, County and Municipal Employees, AFL–CIO, District Council 47, American Federation of State, County and Municipal Employees, AFL–CIO, William Ennis, George Guagenti, Joseph McTamney.

Catherine Merino Reisman, Willig, Williams & Davidson, Philadelphia, PA, for Francis Bujak, Richard Grochowski.

Albert L. D'Attilio, City of Phila. Law Dept.–Asst. City Solicitor, Philadelphia, PA, for City of Philadelphia.

### *MEMORANDUM*

PADOVA, District Judge.

Plaintiffs, a group of City employees and their respective unions, seek injunctive and other relief against Defendant, City of Philadelphia (hereinafter the "City") pursuant to 42 U.S.C.A. § 1983 (West 1994), claiming that the City deprived them of their constitutionally protected rights without due process of law. The City filed a motion to dismiss the Complaint for failure to state a claim upon which relief can be granted in accordance with Fed.R.Civ.P. 12(b)(6). For the reasons that follow, I will grant the City's motion.

### I. *FACTS*

This case arises out of the City's alleged failure to properly implement certain procedures set forth in the Philadelphia Home Rule Charter, 351 Pa.Code §§ 1.1–100 *et seq.* (Fry 1995) (hereinafter the "Charter"), and the City's Civil Service Regulations, City of Philadelphia Personnel Dep't, Civil Service Regulations (1995) (hereinafter the "Regulations"). The provisions at issue articulate the procedures by which civil service employees may be promoted and by which temporary vacancies may be filled. Specifically, the Charter mandates: (1) the administration of competitive examinations to test the fitness of applicants for various positions, 351 Pa.Code § 7.7–401(c); (2) the filling of vacancies by promotion whenever possible and on a competitive basis where practicable, 351 Pa.Code § 7.7–401(e), and; (3) the establishment of lists of qualified candidates to be used to fill vacancies, 351 Pa.Code § 7.7–401(f). Additionally, the Charter authorizes the Personnel Director to make temporary appointments lasting no more than six months in any twelve month period with or without reference to competitive examinations. 351 Pa.Code § 7.7–401(k). Civil Service Regulation 12.02 also authorizes the Director to fill such temporary positions with any qualified person if there is no person on an appropriate eligible list willing to accept the temporary appointment.

Plaintiffs allege that on certain occasions, the City used its authority to make temporary appointments in order to bypass the proper promotions procedure. Plaintiffs argue that by failing to adhere to the promotion procedures set forth in the Charter and Regulations, the City deprived them of a constitutionally protected property interest in "merit selection" without due process of law.

## II. STANDARD OF REVIEW

A claim may be dismissed under Fed. R.Civ.P. 12(b)(6) only if the plaintiffs can prove no set of facts in support of the claim that would entitle them to relief. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). The reviewing court must consider only those facts alleged in the Complaint and accept all of the allegations as true. *Id.* Applying this standard, I find that Plaintiffs have failed to state a claim upon which relief can be granted.

## III. DISCUSSION

To succeed in a § 1983 claim, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under color of state law and that the conduct resulted in the deprivation of rights, privileges or immunities guaranteed by the United States Constitution. 42 U.S.C.A. § 1983; *Piecknick v. Commonwealth of Pennsylva-*

*nia,* 36 F.3d 1250 (3d Cir.1994); *Carter v. City of Philadelphia,* 989 F.2d 117 (3d Cir. 1993). Where a § 1983 plaintiff claims a due process violation, s/he must demonstrate that the violation infringed upon a constitutionally protected interest in life, liberty or property. U.S. Const. amend. XIV § 1; *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Piecknick,* 36 F.3d at 1256.

■ In this case, the particular wrong which Plaintiffs seek to redress is the City's alleged systematic refusal to implement the proper procedure for selecting individuals for promotion. Plaintiffs neither claim an infringement of their life or liberty interests nor set forth allegations that would support such a claim. Instead, Plaintiffs assert a constitutionally protected property interest in the City's promotion procedures—an interest derived from their claimed entitlement to the process of merit selection as articulated by the Charter and Regulations.

Significantly, Plaintiffs claim no entitlement to the promotions themselves.[1] Rather, Plaintiffs assert a property interest in the method by which individuals are selected for promotion. Plaintiffs argue that by failing to implement these procedures the City deprived them not of a particular job, but of the opportunity to compete for promotion. The

---

1. Plaintiffs concede their lack of entitlement to the promotions themselves. Plaintiffs' Memorandum states:

 The City argues that Plaintiffs' cause of action fails because there is no property interest in promotions. However, Plaintiffs are not asserting that their bargaining unit members have a property interest in the promotions themselves; rather, Plaintiffs assert that their members have a property interest in merit selection, as envisioned by the Regulations and Charter.

 Pls.' Mem. at 12 n. 3.

 However, even in the absence of such a concession, I would conclude that Plaintiffs have no entitlement to the promotions. Where a plaintiff claims a constitutionally protected property interest in a benefit conferred by state law, s/he must have "more than an abstract need or desire for it. [S/he] must have more than a unilateral expectation of it. [S/he] must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709.

 In *Robb v. City of Philadelphia,* 733 F.2d 286 (3d Cir.1984), a City of Philadelphia employee

brought a § 1983 claim alleging, *inter alia,* that he was wrongfully passed over for a promotion. The court determined that the plaintiff did not have a legitimate entitlement to the promotion. "The civil service regulations indicate that promotion is neither a matter of right nor may it be promised. It is based on successful completion of a promotional examination." *Id.* at 293.

In the instant case, any claim of entitlement to the promotions must fail because Plaintiffs' allegations do not demonstrate that they successfully completed the promotions process. It is unclear from the complaint whether Plaintiffs Ennis and Guagenti ever sat for the promotional examination. However, the complaint states that they were deemed to have insufficient experience to qualify for promotion. Pls.' Compl. ¶ 59. Additionally, Plaintiffs McTamney, Bujak, and Grochowski sat for the promotional examination but scored too low to qualify for the positions they sought. Pls.' Compl. ¶¶ 75, 81–83.

Clearly, Plaintiffs' unilateral belief that they were qualified and entitled to the promotions is insufficient to establish a constitutionally protected property interest in the promotions.

viability of Plaintiffs' claim, therefore, turns on whether the law recognizes a constitutionally protected property interest in the process of merit selection.

Property interests do not arise from the Constitution itself. They are defined by existing rules or understandings that stem from an independent source, such as state law. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. However, it is federal constitutional law that determines whether the interests articulated by state law rise to the level of a constitutionally protected property interest. *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 9, 98 S.Ct. 1554, 1560, 56 L.Ed.2d 30 (1978) (citing *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709).

 "The property interests protected by procedural due process extend well beyond actual ownership of real estate, chattels, or money," *Roth*, 408 U.S. at 571–72, 92 S.Ct. at 2706, and the types of interests protected as "property" are varied and often intangible, relating to the whole domain of social and economic fact.[2] *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982). However, not every state or municipal law, regulation, or ordinance creates a constitutionally protected entitlement. *See Clark v. Township of Falls*, 890 F.2d 611, 620 n. 4 (3d Cir.1989) ("A property interest is no more created by the mere fact that a state has established a procedural structure than is a liberty interest.") Rather, "the hallmark of property . . . is an individual entitlement grounded in state law which cannot be removed except 'for cause.'" *Logan*, 455 U.S. at 432, 102 S.Ct. at 1155 (citation omitted).

 Plaintiffs argue that merit selection is a protected property interest because the Charter and Regulations are drafted in the imperative, mandating the procedures by which promotions are to be made. *See* 351 Pa.Code §§ 7.7–401. Limitations placed on

government discretion in the administration of a benefit is one factor that may be considered in determining whether that benefit rises to the level of a constitutionally protected property interest. *See Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 678 (3d Cir.1991) (noting entitlement may exist for benefit sought but not yet obtained if state law limits exercise of discretion by state official responsible for conferring the benefit), *cert. denied*, 503 U.S. 984, 112 S.Ct. 1668, 118 L.Ed.2d 389 (1992). However, Plaintiffs' argument does not alter the fact that the entitlement to which they lay claim is a procedure through which the true substantive benefit, employment at a higher level, is conveyed.

 My research has revealed no case in which a property interest has been held to exist in a procedure, and Plaintiffs have failed to bring any such case to my attention. To the contrary, procedural interests under state law are not themselves property interests that will be enforced in the name of the Constitution. *Olim v. Wakinekona*, 461 U.S. 238, 248–51, 103 S.Ct. 1741, 1746–49, 75 L.Ed.2d 813 (1983). *See also Swartz v. Scruton*, 964 F.2d 607 (7th Cir.1992) (finding no property interest in method by which university awards merit pay raises); *Doe by Nelson v. Milwaukee County*, 903 F.2d 499 (7th Cir. 1990) (finding no property interest in procedures intended to prevent child abuse). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim*, 461 U.S. at 250, 103 S.Ct. at 1748.

The selection procedures established by the Charter and Regulations are intended to ensure that appointments and promotions are carried out "based on merit principles and scientific methods." 351 Pa.Code § 7.7–300. However, the principles of merit selec-

---

**2.** Courts have protected the following interests: *See, e.g., Barry v. Barchi*, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979) (horse trainer's license); *Memphis Light, Gas & Water Div.*, 436 U.S. at 1, 98 S.Ct. at 1554 (utility services); *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (disability benefits); *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d

725 (1975) (high school education); *Connell v. Higginbotham*, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1971) (government employment); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (driver's license); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (welfare benefits).

tion which they establish are not, in themselves, an entitlement to which a property interest may attach. Rather, they represent a process by which the substantive benefit, employment at a higher level, is conveyed.

██ I conclude that Plaintiffs possess no constitutionally protected property interest the City's merit selection procedures.[3] Accordingly, I will dismiss Plaintiffs' Complaint because it has failed to present sufficient facts upon which a § 1983 claim can be granted.

---

**3.** To hold otherwise would risk federalizing the City's civil service regulations. Federal enforcement of municipal promotions procedures is clearly a result neither contemplated nor warranted under § 1983. *See Reich v. Beharry,* 883 F.2d 239 (3d Cir.1989) (noting in context of § 1983 that wholesale federalization of state public contract law is contrary to purpose of Due Process Clause of Fourteenth Amendment); *Brown v. Brienen,* 722 F.2d 360, 364 (7th Cir. 1983) (noting that Fourteenth Amendment was not intended to shift the whole of state public law to the federal courts).