Frank H. Jenkins, Jr. Spring Hill City Attorney Colonial Building, 110 W. Loula P.O. Box 580 Olathe, Kansas 66051-0580
Dear Mr. Jenkins:
As legal counsel for the City of Spring Hill, you request our opinion regarding the election and removal of the president of a city council. Specifically, you ask whether the president of the council is elected for a fixed term. You also ask whether the president of the council may be removed without conducting a due process hearing. A memorandum included with your request addresses interpretations of Ordinances of the City of Spring Hill and Roberts Rules of Order. We do not address these issues.
Spring Hill is a city of the third class having a mayor/council form of government. At its regular council meeting on April 15, 1999, the council elected one of its members to serve as president of the council. At its regular meeting on June 10, the council voted to remove as president the person who had been elected on April 15. The council then elected another one of its members to serve as president of the council. No hearing regarding the removal was conducted, nor were any grounds for the removal provided.
K.S.A. 15-310 states:
 "The city council shall elect one of their own body as `president of the council,' who shall preside at all meetings of the council in the absence of the mayor; and in the absence of the president the council shall elect one of their own body to occupy the president's place temporarily, who shall be styled `acting president of the council.' The president and acting president, when occupying the place of mayor, shall have the same privileges as other members of the council."
The Kansas Supreme Court addressed in Leek v. Theis[1] whether a public official was entitled to a due process hearing[2] before the official was removed from office.
"Due process considerations mandate that when an interest involving life, liberty and property rights protected by the Fourteenth Amendment are implicated, the right to some kind of a prior hearing is paramount. (Board of Regents v. Roth, [408 U.S.] at 569; also, Goldberg v. Kelly,397 U.S. 254, 25 L.Ed.2d 287, 90 S.Ct. 1011 (1970).) But the range of interest protected by procedural due process is not infinite. This court must look to the nature of the interest at stake. (Morrissey v. Brewer,408 U.S. 471, 481, 33 L.Ed. 484, 92 S.Ct. 2593 (1972).)
"Here the nature of the interest is the right to hold a public office. Can this be said to be encompassed within the terms `liberty' or `property'? We think not.
"It is clear the concept of property is not and was not intended to remain static. (Board of Regents v. Roth, supra, at 571, (Procedural due process as extended well beyond actual ownership of real estate, chattels, or money); Bell v. Burson, 402 U.S. 535, 29 L.Ed.2d 90,91 S.Ct. 1586 (1971), (Driver's license); Goldberg v. Kelly, supra, (Welfare benefits); Connell v. Higginbotham, 403 U.S. 207, 29 L.Ed.2d 418,91 S.Ct. 1772 (1971), (Public Employment); and Standford v. Gas ServiceCompany, 346 F. Supp. 717, 729 (D.Kan. 1972), (Utility services).) A general guide was furnished by the Roth court which characterized the type of property interest encompassed within the due process clause as follows:
 "'[T]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. . . .' [408 U.S. at 577.]
 "Clearly, it is only a vested right which cannot be taken away except by due process of law. (16 Am.Jur.2d § 365, p. 694.)
 "Kansas law clearly establishes the incumbent to a public office enjoys no property or vested interest in public office."[3]
 "[T]he tenure of any office not provided for in the constitution may be declared by statute, and when not so declared such office shall be held at the pleasure of the appointing authority."[4]
K.S.A. 15-310 directs that a member of a city council is to be elected as president of the council, but it does not provide a term of office for the president of the council. K.S.A. 15-204 authorizes the mayor, with consent of the council, to appoint "a municipal judge of the municipal court, a clerk, a treasurer, a marshal-chief of police, law enforcement officers and such other officers as deemed necessary." Officers appointed pursuant to K.S.A. 15-204 serve a one-year term of office. A president of the council, however, is elected by the city council rather than appointed by the mayor. Therefore, a president of the council may not be considered an officer appointed under authority of K.S.A. 15-204. There appears to be no constitutional or statutory provision that establishes a term of office for a president of the council elected pursuant to K.S.A.15-310. The person elected to such position, therefore, holds such position at the pleasure of the city council. Because there is no vested interest in serving as president of the council, the person serving as president is not entitled to a due process hearing prior to being removed as president.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] 217 Kan. 784 (1985).
[2] See U.S. Const., Amend. XIV.
[3] Leek, 217 Kan. at 810-11. See also Stoldt v. City of Toronto,234 Kan. 957, 964 (1984); Wiggins v. Housing Authority of KansasCity, 22 Kan. App. 2d 367, 371 (1996).
[4] Wiggins, 22 Kan. App. 2d at 371, quoting Stoldt, 234 Kan. at 964.