Henrietta K. THOMAS,
Plaintiff–Appellant,

v.

BOARD OF EXAMINERS, CHICAGO
PUBLIC SCHOOLS, et al.,
Defendants–Appellees.

No. 87–1086.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 30, 1988.

Decided Sept. 12, 1988.*
Rehearing and Rehearing En Banc
Denied Nov. 4, 1988.

Opinion Jan. 11, 1989.

* This appeal was originally decided by unreport-
ed order on September 12, 1988. *See* Circuit
Rule 53. The Court has subsequently decided to
issue the decision as an opinion.

Henrietta K. Thomas, Chicago, Ill., pro se.

Patricia J. Whitten, Atty., Chicago Bd. of Educ., Robert J. Krajcir, Fernando Colon, Chicago, Ill., for defendants-appellees.

Before POSNER, MANION and KANNE, Circuit Judges.

PER CURIAM.

Henrietta K. Thomas instituted this suit under 42 U.S.C. § 1983 against the Board of Examiners of the Chicago Public School System, and the Chicago Board of Education for violating her rights of due process and equal protection under the Fourteenth Amendment when Thomas' application for a principal's certificate was denied. The district court, on November 19, 1986, granted the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6). Thomas' motion to amend judgment was denied on December 12, 1986. This appeal followed.

I.

Thomas, seeking a promotion from public school teacher to principal, participated in the 1983 Chicago Principal's Examination in order to secure the required principal's certificate. *See* ILL.REV.STAT. ch. 122, para. 34–8.1 (1983). The certification process consists of both a written examination and an oral interview. Thomas passed the written portion of the examination with a score in the 99th percentile and, as a result, she was "invited" to submit to the oral examination.

In the oral examination conducted on August 12, 1983, a panel of three interviewers questioned the plaintiff on three problem situations. The selected panelists were administrators within the Chicago school system, and their questions were designed to measure the applicant's ability to manage personnel and to exercise leadership, as well as the extent of the candidate's interpersonal skills. According to Thomas, one of the interviewers continually interrupted Thomas' responses to the first and third questions by badgering her with repetitive and irrelevant questions. Thomas claims that this line of conduct impeded her performance. She notes that, for the most part, the other interviewers did nothing to prevent this, although one did "rescue" her on one occasion. At the end of the interview, the plaintiff was required to leave the building immediately and so she could not express her opinion of the interview process.

The panel did not recommend Thomas for certification. As a result, Thomas has been ineligible to apply for administrative vacancies within the Chicago public school system. On September 3, 1983, Thomas met with Dr. Morton L. Elenbogen, the vice-chairman of the Board of Examiners, to discuss the results of the oral examination. Apparently, Dr. Elenbogen told Thomas that the panel rated her responses to the first and third questions as unacceptable. Thomas also learned that although the Board's rules allow unsuccessful teacher-applicants to apply for a second examination after a waiting period of six months, unsuccessful candidates for the principal's certificate are ineligible to apply for a second oral examination. There is no appeal from the denial of a principal's certificate.

Thomas filed suit against the Board of Examiners and the Chicago Board of Education to challenge the Board's rules, asking for declaratory and injunctive relief as well as damages. The district court granted the defendants' motion to dismiss for failure to state a claim. *Thomas v. Board of Examiners, Chicago Public Schools,* 651 F.Supp. 664 (N.D.Ill.1986). In its order, the court determined that the plaintiff had no property interest in the promotion. However, the court believed that the principal's certificate may be considered an occupational license which Thomas would have a liberty interest in pursuing. Notwithstanding this assumption, the court concluded that the Board's screening procedures did not deny Thomas due process under the law. As for the plaintiff's equal protection claim, the court determined that

there was a rational basis to support the Board's differing procedures for unsuccessful principal-applicants.

## II.

On appeal, Thomas complains that the oral examination was conducted unfairly. She also claims that she should have been allowed to appeal the adverse test result and/or given an opportunity to take a second oral examination. Under the Fourteenth Amendment, the state cannot deprive anyone of life, liberty, or property without due process of law. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). To establish a valid due process claim, Thomas must therefore show that the Board has deprived her of either a liberty or property right. The nature of the interest determines whether due process requirements will apply. *Roth,* 408 U.S. at 571, 92 S.Ct. at 2706.

Although property rights in employment can be created by ordinance or by implied contract, *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976), neither of these situations is present here. The Board's rules explicitly state that oral examinations are not subject to review and that candidates for the principal's certificate are not entitled to a second oral test. Furthermore, Thomas cannot point to any implied contract rights with respect to the examination process since the applicant is required to pass an oral interview as well as the written examination. Thomas clearly had no property entitlement to the promotion. *See Yatvin v. Madison Metropolitan School District,* 840 F.2d 412, 417 (7th Cir.1988) (entitlement to consideration for a job promotion is not property in the constitutional sense).

Similarly, we find that no liberty interest has been implicated under these facts. Thomas stresses that she has been denied the opportunity to pursue her occupation. *See e.g., Hampton v. Mow Sun Wong,* 426 U.S. 88, 96 S.Ct. 1895, 48 L.Ed. 2d 495 (1976); *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). Courts have recog-

nized a limited protection for liberty of occupation. *Bigby v. City of Chicago,* 766 F.2d 1053, 1057 (7th Cir.1985), *cert. denied sub nom. Thoele v. Chicago,* 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986). As noted in *Bigby,* however, the denial of a promotion within a given occupation does not infringe liberty of occupation:

> while preventing someone from advancing in his occupation can be a cruel deprivation, it would stretch the idea of liberty of occupation awfully far ... to treat a bar to promotion as a deprivation of that liberty.

*Bigby,* 766 F.2d at 1057. *See also Webster v. Redmond,* 599 F.2d 793 (7th Cir.1979), *cert. denied,* 444 U.S. 1039, 100 S.Ct. 712, 62 L.Ed.2d 674 (1980) (rejecting claim that denial of promotion from teacher to principal is a denial of liberty or property).

Thomas also raises an equal protection argument. She asserts that applicants for teaching and principal certificates are similarly situated, and therefore, both groups should be accorded identical treatment. She believes that unsuccessful principal-applicants should have the opportunity to submit to a second oral interview. We disagree. First, we do not find the groups to be so similar as to require identical treatment. More importantly, not every difference in promotion treatment rises to the level of a deprivation of equal protection. *Clark v. Whiting,* 607 F.2d 634, 638 (4th Cir.1979). Indeed, when an exclusion from a professional opportunity is challenged on equal protection grounds, this court will not second-guess state decisions on occupational licensure. *Illinois Psychological Association v. Falk,* 818 F.2d 1337, 1341 (7th Cir.1987) (citing *Williamson v. Lee Optical of Oklahoma, Inc.,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955)).

For these reasons, the district court's order dismissing the plaintiff's case for failure to state a claim is hereby

AFFIRMED.