FOR PUBLICATION

ATTORNEYS FOR APPELLANT
: 
ATTORNEY FOR APPELLEE
:

JEFFREY A. MODISETT
 
KENNETH J. FALK

Attorney General of Indiana Indiana Civil Liberties Union

Indianapolis, Indiana

JANET BROWN MALLETT

Deputy Attorney General

Indianapolis, Indiana

IN THE

COURT OF APPEALS OF INDIANA

SUELLEN REED, individually and in her ) 

official capacity as Indiana State Superintendent )

of Public Instruction, )

)

Appellant-Defendant, )

)

vs. ) No.  49A02-9807-CV-598

)

GEOFFREY F. SCHULTZ, )

)

Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable Steven Eichholtz, Special Judge

Cause No.  49D05-9701-CP-95

August 20, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

When Indiana Superintendent of Public Instruction Suellen Reed summarily removed Dr. Geoffrey F. Schultz from his position as a Special Education Hearing Officer, he filed suit asserting entitlement to a pre-termination due process hearing.  The trial court agreed and granted partial summary judgment in Dr. Schultz's favor.  In so doing, the trial court remanded the matter to the Superintendent for a determination of just cause.  The Superintendent now appeals contending the trial court erred because (1) Dr. Schultz had no property right protected by the due process clause and thus was not entitled to a pre-termination hearing, (2) even if Dr. Schultz were so entitled, the Rule 56 materials show that he was removed for just cause, and (3) the Superintendent is entitled to qualified immunity from any claim of damages.  Dr. Schultz cross appeals contending (1) the trial court erred in remanding this matter for a determination of just cause in that the Rule 56 materials show there was none, and (2) the trial court erred in not making a determination that Dr. Schultz was at least entitled to nominal damages.  We address a single dispositive issue which we phrase as:  did the existence of Dr. Schultz's name on a list of available hearing officers rise to the level of a constitutionally protected property interest such that his name could not be removed from the list without a hearing.

Background

Both federal and Indiana law guarantee a free and appropriate education for disabled children.
(footnote: 1)  The law aims to provide a disabled child with an educational program in the least restrictive setting possible given the child's disabilities.  Accordingly, a public school is required to (i) determine whether a child is disabled under the applicable laws, (ii) develop individual educational programs for each disabled child, and (iii) offer support services that will allow the child to benefit from the education.
(footnote: 2)  Generally, the cost of the education is the responsibility of the child's local public school.
(footnote: 3)  If the child's disabilities require expenses beyond those of children of the same age and grade level in the child's school corporation, then the State Department of Education assumes responsibility for payment.
(footnote: 4)  When a child's parents or guardians disagree with a school's assessment of a child's disability or decision regarding the implementation of an educational program, they have the right to an impartial due process hearing before an independent hearing officer.  A party may appeal an adverse judgment of the hearing officer to the Board of Special Education Appeals.
(footnote: 5)  Judicial review is then available.
(footnote: 6)  

Federal and state law forbid the independent hearing officer from being an employee of the public agency involved in the education or care of the child.
(footnote: 7)  Selection of an independent hearing officer in Indiana is governed by 511 I.A.C. 7-15-5, which provides in pertinent part:

(c) A request for a due process hearing and the appointment of an independent hearing officer shall:

(1) be in writing and signed;

(2) be filed simultaneously with the other parties or their agents and the state superintendent of public instruction; and

(3) specify the reasons for the hearing request.

(d) The state superintendent of public instruction shall appoint the independent hearing officer.  When a due process hearing request is received, the public agency and the parent will be sent a written notice of the name of the independent hearing officer who has been assigned to the matter.

(e) A person who may be appointed as an independent hearing officer shall:

(1) be trained in the due process hearing procedure;

(2) have no personal or professional interest that would conflict with the person's objectivity in the hearing; and

(3) not be an officer, employee, or agent of the public agency, the department of education, or any other agency that may be involved in the education or care of the student.

(f) A person who otherwise qualifies as a hearing officer is not considered an employee of the agency solely because the person is paid by the agency to serve as a hearing officer.  The division of special education and the public agencies shall maintain a current listing of the persons who serve as hearing officers, including information on the qualifications of those persons.   

Facts and Procedural History

In 1992, then Superintendent of Public Instruction H. Dean Evans placed Dr. Schultz on a list of persons from which the Superintendent would select independent hearing officers.  Evans informed Dr. Schultz that he would remain on the list for a period of one year.  Following the one-year period, newly elected Superintendent of Public Instruction Suellen Reed notified Dr. Schultz that he would remain on the list for an additional year.  In March 1995, the Superintendent sent Dr. Schultz a letter informing him that she was re-appointing Dr. Schultz as a hearing officer for an additional two-year period beginning March 1, 1995, and ending March 1, 1997.

In 1996, Dr. Schultz presided over a hearing in case No. 881-96.  In that case, the parents of a student sought reimbursement from the State Department of Education for educational expenses they had incurred.  Dr. Schultz decided the case in the parents' favor and ordered the Department to reimburse the parents $121,021.12 based on his finding that special education laws had been violated.  The Department appealed Dr. Schultz's decision to the Board of Special Education Appeals.  The Board reversed Dr. Schultz's decision.  At the conclusion of the hearing, the Board expressed concerns regarding Dr. Schultz's handling of the case and directed its attorney, Joel Hand, to contact Dr. Schultz.  In a letter dated August 27, 1996, Hand informed Dr. Schultz that the Board found several of his findings of fact to be inaccurate in that they were not supported by the evidence and referred to incorrect dates.  Hand also informed Dr. Schultz that when writing conclusions of law, it was inappropriate for a hearing officer to make arguments for or against a party or to express his or her personal feelings about a case.  Hand further informed Dr. Schultz that the Board felt he may have exceeded the scope of his role as an independent hearing officer by attempting to define "educationally related services" rather than complying with the definitions provided in Article 7 of the Indiana Administrative Code.  Hand delivered a copy of the letter to  Superintendent Reed.  On September 4, 1996, the Superintendent sent Dr. Schultz a letter informing him that she had received a copy of Hand's August 27, 1996, letter and was directing the Division of Special Education to remove Dr. Schultz from the list of available hearing officers.

On December 16, 1996, Dr. Schultz filed a complaint under 42 U.S.C. § 1983 alleging that his right to due process of law had been violated because the Superintendent did not afford him adequate process before removing him from the list of hearing officers.  The complaint sought declaratory as well as injunctive relief and damages.  Thereafter the parties filed cross-motions for summary judgment.  On March 20, 1998, the trial court granted partial summary judgment in favor of Dr. Schultz.  The court found that the Superintendent's March 1, 1995, letter to Dr. Schultz created an understanding or implied contract over which Dr. Schultz had a property interest protected by the Due Process Clause of the Fourteenth Amendment.  The court remanded the case to the Superintendent for a hearing in which the Superintendent would have to show cause for Dr. Schultz's removal from the list.  The trial court finalized its ruling on May 14, 1998.  This appeal followed.
(footnote: 8)
Discussion and Decision 

In reviewing a trial court's ruling on a motion for summary judgment we apply the same standard as the trial court.  Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  
Ace Rent-A-Car, Inc. v. Indianapolis Airport Authority
, 612 N.E.2d 1104, 1106 (Ind. Ct. App. 1993), 
trans. denied
.  Although facts may not be in dispute, summary judgment is inappropriate if conflicting inferences arise from undisputed facts.  
Kutche Chevrolet v. Anderson Banking Co.
, 597 N.E.2d 1307, 1308 (Ind. Ct. App. 1992).  On appeal, the appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and the moving party was entitled to judgment as a matter of law.  
Etienne v. Caputi
, 679 N.E.2d 922, 924 (Ind. Ct. App. 1997).

The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.  
Board of Regents of State Colleges v. Roth
, 408 U.S. 564, 569 92 S. Ct. 2701, 2705, 33 L. Ed. 2d 548 (1972).  When protected interests are implicated, the right to some kind of prior hearing is paramount.  
Roth
, 408 U.S. at 569-70, 92 S. Ct. at 2705.  A protected property interest generally arises from a statute, ordinance, or contract.  
Speckman v. City of Indianapolis
, 540 N.E.2d 1189, 1193 (Ind. 1989).  Although a person does not have a federal due process right to a hearing prior to discharge merely because he is a public employee, 
id.
, nonetheless, a written contract with an explicit tenure provision is evidence of a formal understanding that supports a party's claim of entitlement to continued public employment unless sufficient cause is shown.  
Perry v. Sindermann
, 408 U.S. 593, 602, 92 S. Ct. 2694, 2700, 33 L. Ed. 2d 570 (1972).  An entitlement may also be shown by an implied agreement gleaned from the promisor's words and conduct in light of the surrounding circumstances, and the meaning of the promisor's words and acts as found by relating them to the usage of the past.  
Id.
 
(footnote: 9)
 In the case before us Dr. Schultz is not claiming a right to continued 
employment
 under a contract for a definite term.  Indeed, 511 I.A.C. 7-15-5(e) forbids a hearing officer from being an employee of the Department of Education.  Instead, Dr. Schultz's claim of a right to due process flows from what the trial court found to be an implied contract with the Superintendent that entitled Dr. Schultz to placement on the list of available hearing officers for a period of two years.  The Superintendent counters that no such contract exists.  In any event we need not determine whether the trial court's finding on this point is correct.  We find that even if a contract existed between the Superintendent and Dr. Schultz, Dr. Schultz's interest in remaining on the list of available hearing officers for two years does not rise to the level of a property interest protected by the Fourteenth Amendment's Due Process Clause.   A breach of contract by a governmental employer standing alone does not give rise to a constitutional claim.  
Sudeikis v. Chicago Transit Authority
, 774 F.2d 766, 770 (7th Cir. 1985).  There is a distinction between the breach of an ordinary contract right and the deprivation of a protectible property interest within the meaning of the Due Process Clause.  
Walentas v. Lipper
, 862 F.2d 414, 418 (2nd Cir. 1988), 
cert. denied
, (citing 
Brown v. Brienen
, 722 F.2d 360, 363-65 (7th Cir. 1983)).  While a property interest in continued employment may arise where there is an express or implied agreement with a governmental entity, 
Perry
, 408 U.S. at 599, 92 S. Ct. at 2699, federal constitutional law determines whether an interest in property rises to the level of entitlement protected by the Due Process Clause.  
Memphis Light, Gas & Water Division v. Craft
, 436 U.S. 1, 9, 98 S. Ct. 1554, 1560, 56 L. Ed. 2d 30 (1978).  To determine whether due process requirements apply, courts must look not to the weight but to the nature of the interest at stake.  
Roth
, 408 U.S. at 571, 92 S. Ct. at 2705-06 (1972).  A court must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property.  
Id.
 408 U.S. at 571, 92 S. Ct. at 2706.  

As the Superintendent points out in her brief, placement on the list was no guarantee that Dr. Schultz would be assigned hearings.
(footnote: 10)  Any agreement between the parties must be considered in conjunction with applicable statutes that govern the relationship.  
Lutz v. New Albany City Plan Comm'n
, 230 Ind. 74, 101 N.E.2d 187, 191 (1951).  The governing provisions of Indiana law do not guarantee or even contemplate appointment of hearing officers by the Superintendent beyond each individual case.
(footnote: 11)  Further, neither the letter before us nor the course of dealing between the parties guaranteed that the Superintendent would select Dr. Schultz to preside over any cases.  In like fashion, neither the letter nor the parties' course of dealing placed any requirement upon Dr. Schultz to accept future case assignments.  Rather, the substance of the agreement between the parties was that the Superintendent agreed to place Dr. Schultz on a list for service as a Special Education Hearing Officer, and Dr. Schultz agreed to serve if and when called.  It is true that at the time Dr. Schultz was removed, the Superintendent used a rotation system for selecting hearing officers from the list.  However, whether he was ever called into service was left strictly to the discretion of the Superintendent.  
See
 511 I.A.C. 7-15-5(d).  Within this discretion necessarily includes the option to do away with the rotation system, to place more persons on the available list thereby greatly decreasing the number of hearings available to Dr. Schultz, or simply to choose not to assign cases to Dr. Schultz.  
Cf.
 
Pritchett v. Alford
, 973 F.2d 307, 316-18 (4th Cir. 1992) (Wrecker service had property interest in remaining on list of towing companies utilized by police where regulations required police to use a rotation system when selecting a company and only those towing companies called by police were entitled to respond to an accident.).  When an official action is truly discretionary under local law, "one's interest in a favorable decision does not rise to the level of a property right entitled to procedural due process protection."  
Walentas
, 862 F.2d at 419 (quoting 
RR Village Ass'n, Inc. v. Denver Sewer Corp.
, 826 F.2d 1197, 1202 (2d Cir.1987) (citations omitted)).  Furthermore, Dr. Schultz received no compensation for being on the list and was paid by the public agency involved in the hearing only after he was assigned and presided over a case. 

Dr. Schultz relies on cases finding a protected right to continued employment to support his claim.  However, Dr. Schultz's asserted interest is not in continued 
employment
 or even the assignment of cases.  Instead, the interest claimed is the right to remain on a list of persons to be considered for hearing assignment.  As such, his case is readily distinguishable from cases where a protected property interest was found in continued public employment guaranteed by contract or agreement.
(footnote: 12)  In this context, the United States Supreme Court has carefully limited its decisions in which due process rights are implicated to situations that involve employment contracts with tenure provisions, or where a clearly implied promise of continued employment has been made.  
Walentas
, 862 F.2d at 418; 
see
 
Perry
, 408 U.S. at 600-01, 92 S. Ct. at 2699-700.  An interest in continuing employment guaranteed by contract or understanding is far more significant and based on a much greater degree of certainty than Dr. Schultz's mere expectation that he would be assigned cases without guarantee.  "To have a property interest in a benefit [such as a job] a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  
Speckman
, 540 N.E.2d at 1193 (quoting 
Roth
, 408 U.S. at 577, 92 S. Ct. at 2709).  Mere placement on a list of available hearing officers is far too attenuated from receipt of the actual benefit, case assignment, to constitute a property interest protected by the Due Process Clause.
(footnote: 13) 

Conclusion

Dr. Schultz had no protectible property interest in placement on the list of available hearing officers.  As such he was not entitled to a due process hearing before being removed from the list.  The trial court thus erred in granting summary judgment in Dr. Schultz's favor. On this issue the judgment of the trial court is reversed.

Judgment reversed.

BROOK, J., and NAJAM, J., concur.

FOOTNOTES
1:  
See
 20 U.S.C. § 1400, 
et seq
.; Ind. Code § 20-1-6-1, 
et seq
.

2:  
See
 Ind. Code § 20-1-6-1(1), (7).  

3:  
Ind. Code § 20-1-6-14.  

4:  
Ind. Code § 20-1-6-19.  

5:  
20 U.S.C. § 1415(g); 511 I.A.C. 7-15-6.  

6:  
20 U.S.C. § 1415(I).

7:  
34 C.F.R. § 300.507; 511 I.A.C. 7-15-5(d).  

8:  Oral argument was held in Indianapolis on July 9, 1999.  We commend both counsel on their excellent oral presentations as well as their superbly written briefs. 

9:  "[I]n the area of public employment, the United States Supreme Court has held that a public college professor dismissed from an office held under tenure provisions, 
Slochower v. Board of  Higher Education
, 350 U.S. 551, 76 S. Ct. 637, 100 L. Ed. 692 [1956], and college professors and staff members dismissed during the terms of their contracts, 
Wieman v. Updegraff
, 344 U.S. 183, 73 S. Ct. 215, 97 L. Ed. 216 [1952], have interests in continued employment that are safeguarded by due process."  
Roth
,  408 U.S. at 576-77, 92 S. Ct. at 2709.  The Court has also held that this principle "proscribing summary dismissal from public employment without hearing or inquiry required by due process" also applied to a teacher recently hired without tenure or a formal contract, but nonetheless with a clearly implied promise of continued employment.  
Roth
,  408 U.S. at 577, 92 S. Ct. at 2709 (citing 
Connell v. Higginbotham
, 403 U.S. 207, 208, 91 S. Ct. 1772, 1773, 29 L. Ed. 2d 418 (1971).  In 
Perry v. Sindermann
, the Court held that a college professor who relied on rules and understandings regarding tenure and the renewal of contracts was entitled to due process regarding his nonretention as a professor.  408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972).

10:  At oral argument Dr. Schultz asserted that whether he was entitled to receive case assignments had he remained on the list went only to the issue of damages and did not affect the property interest to which he claims he is entitled--placement on the list of available hearing officers for two years.  However, a determination of whether the nature of this interest constituted a protected property interest cannot be made without considering the benefit derived from placement on the list--the opportunity to receive case assignments.  It is through case assignments that hearing officers act and receive compensation.  

11:  511 I.A.C. 7-15-5.

12:  
See
 supra note 8 at 6.  

13:  Rather than entitlement to continued employment, Dr. Schultz's claim is more analogous to a claim of entitlement to a promotion or specific job classification.  Similar claims have been routinely rejected by the Seventh Circuit.  
See
, 
e.g.
, 
Petru v. City of Berwyn
, 872 F.2d 1359, 1363 (7th Cir. 1989) ("To recognize a 'property' interest for an appointment to a classified position in the realm of public employment would drastically extend the scope of the due process clause and we refuse to make that extension."); 
United States v. City of Chicago
, 869 F.2d 1033, 1038 (7th Cir. 1989), 
cert. denied
, ("[T]he message from 
Bigby
 and under Illinois law is clear:  a roster ranking may create an expectation of promotion, but an officer has no entitlement to a particular roster position or to promotion."); 
Thomas v. Board of Examiners
, 866 F.2d 225, 227 (7th Cir. 1989) (per curiam), 
cert. denied
, ("Thomas clearly had no property entitlement to the promotion."); 
United States v. City of Chicago
, 798 F.2d 969, 974 (7th Cir. 1986), 
cert. denied
, ("We need not decide now whether an unconditional agreement for prospective employment gives rise to a protectible property right (all the cases cited by appellants concern the right to 
continued
 employment)"); 
Bigby v. City of Chicago
, 766 F.2d 1053, 1056 (7th Cir. 1985), 
cert. denied
 ("[T]hese sergeants did not have a property interest in the rank, which they had not yet attained, of lieutenant."); 
Webster v. Redmond
, 599 F.2d 793, 801 (7th Cir. 1979), 
cert. denied
 ("There is . . . no indication in Illinois law that possession of a certificate from the Board of Examiners means anything more than that one is to be placed on the eligibility list and considered at the appropriate time by the Board of Education.  Claims of entitlement to promotion sufficient to evoke constitutional protection must be based on surer footing.").